IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2003 Session

**GLORIA JEAN CHAMBLISS, ET AL. v. DENNIS L. STOHLER, M.D., P.C., ET AL.**

**Appeal from the Circuit Court for Hamilton County**
**No. 01C313     W. Neil Thomas, III, Judge**

**FILED JUNE 30, 2003**

**No. E2002-02413-COA-R3-CV**

Gloria Jean Chambliss saw Dennis L. Stohler, M.D. ("Defendant") for medical care and treatment for problems related to her right knee. Ms. Chambliss was dissatisfied with the results of Defendant's treatment. Ms. Chambliss and her husband, Willie Chambliss ("Plaintiffs") sued Defendant for medical malpractice. Defendant filed a motion for summary judgment, which the Trial Court granted. Plaintiffs filed a Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment and also a motion to allow the filing of an amended affidavit of Plaintiffs' expert. The Trial Court denied the motions to alter or amend. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Kenneth O. Fritz, Chattanooga, Tennessee, for the Appellants, Gloria Jean Chambliss and Willie Chambliss.

H. Dean Clements and Robert L. Haun, Chattanooga, Tennessee, for the Appellee, Dennis L. Stohler, M.D., P.C.

# OPINION

## Background

Ms. Chambliss sought medical treatment from Defendant for problems with her right knee. In 1999, Defendant performed a total right knee arthroplasty on Ms. Chambliss. Ms. Chambliss complained of pain following the surgery and approximately one month post-surgery, Defendant performed a closed manipulation on Ms. Chambliss's right knee. Ms. Chambliss continued to complain of pain after the closed manipulation. In 2000, Defendant performed an arthrotomy on Ms. Chambliss's right knee. Ms. Chambliss continued to experience pain and sought an opinion from another physician. Ms. Chambliss then had a third right knee surgery, which was performed by another physician. Plaintiffs, Gloria Jean Chambliss and her husband, Willie Chambliss, sued Defendant and Memorial Hospital, but later nonsuited Memorial Hospital.

Defendant filed a motion for summary judgment supported by Defendant's expert affidavit opining that he knows the recognized standard of acceptable professional practice for a medical doctor practicing his speciality in the Chattanooga/Hamilton County community at the applicable time, and that he did not fall below the applicable standard of care in his treatment of Ms. Chambliss. Plaintiffs filed an expert affidavit from Dr. G. Lee Cross III along with affidavits of Ms. Chambliss and Mr. Chambliss in opposition to the motion for summary judgment. The Trial Court held that Dr. Cross's affidavit did not create a genuine issue of fact as to proximate cause, an essential element of Plaintiffs' claim. The Trial Court granted Defendant summary judgment. Plaintiffs filed a Tenn. R. Civ. P. 59.04 motion to alter or amend the judgment and also a motion to allow the filing of Dr. Cross's amended affidavit and, in effect, for a reconsideration of Defendant's motion for summary judgment in light of this amended affidavit. The Trial Court denied Plaintiffs' motions. Plaintiffs appeal.

## Discussion

Although not stated exactly as such, Plaintiffs raise two main issues on appeal: 1) whether the Trial Court erred in finding there is no genuine issue as to any material fact such that Defendant was entitled to summary judgment as a matter of law; and 2) whether the Trial Court erred in denying Plaintiffs' motion to amend Dr. Cross's affidavit and Plaintiffs' motion to alter or amend the judgment. Defendant raises a third issue which we restate as: whether Dr. Cross's amended affidavit, even if considered, creates a genuine issue of material fact on the issue of standard of care and proximate cause.

As our Supreme Court has instructed:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is

confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

In a medical malpractice action, a plaintiff has the burden of proving:

(1) The recognized standard of acceptable professional practice in the profession and the speciality thereof, if any, that the defendant practices in the community in which

the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115 (a) (2003). "In a *malpractice case*, . . . the negligence of the defendant physician usually *must be proved by expert testimony*." *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn. 1977) (emphasis in original) (citation omitted). Affidavits "must rest upon [ the affiant's] personal knowledge in an area in which he is competent to testify." *Id*. at 531.

Defendant submitted an expert affidavit signed by Defendant himself that negated an essential element of Plaintiffs' claim. Specifically, Defendant opined both that he was familiar with the acceptable standard of care and that he did not act with less than or fail to act with ordinary and reasonable care in accordance with the applicable standard of care. Since Defendant negated an essential element of Plaintiffs' claim, Plaintiffs were required to offer proof to establish the existence of the element negated by Defendant and could not simply rest on the pleadings. *See Staples v. CBL & Assocs., Inc.*, 15 S.W.3d at 89.

In opposition to Defendant's motion for summary judgment, Plaintiffs filed Dr. Cross's affidavit, an affidavit signed by Ms. Chambliss, and one signed by Mr. Chambliss. Neither Ms. Chambliss, nor her husband, are physicians. Thus, the affidavits of Ms. Chambliss and her husband are insufficient to establish the existence of the essential elements of Plaintiffs' claim. We agree with the Trial Court that Dr. Cross's affidavit fails to establish proximate cause, one of the essential elements of Plaintiffs' claim. While Dr. Cross does state his opinion in his affidavit that Defendant departed from and fell below the acceptable standard of medical care in his treatment of Ms. Chambliss, Dr. Cross never states in his affidavit that any claimed departure by Defendant from the acceptable standard of medical care was the proximate cause of Ms. Chambliss's injuries. Since Defendants successfully negated the essential element of proximate cause, Plaintiffs' claims fail. Defendant was entitled to summary judgment as a matter of law. We therefore, affirm the Trial Court's grant of summary judgment to Defendant.

However, this does not end our review as we next must consider whether the Trial Court erred in denying Plaintiffs' motion to allow the filing of and consideration by the Trial Court of Dr. Cross's amended affidavit and Plaintiffs' Rule 59.04 motion to alter or amend the judgment.

We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion. *E.g., Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)[1].

Defendant argues Dr. Cross's amended affidavit should not be considered because Plaintiffs did not comply with Tenn. R. Civ. P. 59.03 because they did not file the amended affidavit with the motion to alter or amend. While Rule 59.03 does require that affidavits be filed and served with a motion for new trial, Plaintiffs did not file a motion for a new trial. Rather, Plaintiffs filed a motion to alter or amend under Tenn. R. Civ. P. 59.04, which contains no specific requirement that the affidavit be filed with the motion. Thus, Plaintiffs were not required to file the proposed amended affidavit with the motion to alter or amend. Therefore, the fact that Plaintiffs filed the proposed amended affidavit after filing the motion to alter or amend the judgment is not dispositive of this issue.

In *Schaefer v. Larsen*, this Court stated:

> when a summary judgment has been granted because the case at that point presents no facts upon which a plaintiff can recover, but prior to that judgment becoming final, the plaintiff is able to produce by motion facts which are material and are in dispute, the motion to alter or amend the judgment should be looked upon with favor, as the purpose of the summary judgment procedure is not to abate the trial docket of the Trial Court, but only to weed out cases for trial in which there is no genuine issue of fact.

*Schaefer v. Larsen*, 688 S.W.2d 430, 433-34 (Tenn. Ct. App. 1985).

Thirteen years later, this Court further explained that although

> *Schaefer v. Larsen* expressed some inclination to relax the strict requirements associated with motions for new trial based on newly discovered evidence, no court has held that the issues of diligence and availability cannot or should not be considered when a party seeks to alter or amend a summary judgment using new evidence.

*Bradley*, 984 S.W.2d at 933.

As we discussed in *Bradley*:

---

[1]Shepard's states that *Harris v. Chern* overruled *Bradley v. McLeod* in part. We disagree. In *Harris v. Chern*, our Supreme Court specifically states that "[t]he question of what standard to apply in ruling on a Rule 59.04 motion to alter or amend, presented in *Schaefer* and *Bradley*, is not directly at issue in [*Harris*] and is thus beyond our reach." *Harris v. Chern*, 33 S.W.3d 741, 746 n.4 (Tenn. 2000). *Harris*, which dealt with a Rule 54.02 motion, does state that "many of the same considerations discussed [in *Harris*] would be applicable when a litigant submits additional evidence as part of a Rule 59.04 motion to alter or amend a summary judgment [as was the case in *Bradley*]". *Id*.

Oftentimes, lawyers seeking to overturn a summary judgment after it has been granted overlook the fact that the trial courts may deny a Tenn. R. Civ. P. 59.04 motion seeking to introduce new evidence if there is no particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial consideration of the summary judgment motion.

*Id.* The standard expressed in *Schaefer* was not intended to provide a second bite at the apple for a party who did not take a motion for summary judgment seriously until the motion was granted. Summary judgment standards are both well settled, as discussed above, and difficult for the moving party to meet. Parties on both sides of a summary judgment motion must heed those standards. The non-moving party must fully oppose a motion for summary judgment before it is granted rather than rely on Rule 59.04 to overturn a summary judgment after only weakly opposing the motion.

In *Harris v. Chern*, our Supreme Court in dealing with a revision under Rule 54.02 of a partial summary judgment discussed *Schaefer* and *Bradley*, but noted that "[t]he question of what standard to apply in ruling on a Rule 59.04 motion to alter or amend, presented in *Schaefer* and *Bradley*, is not directly at issue in [*Harris*] and is thus beyond our reach." *Harris v. Chern*, 33 S.W.3d 741, 746 n.4 (Tenn. 2000). The *Harris* Court did, however, note that "many of the same considerations discussed [in *Harris*] would be applicable when a litigant submits additional evidence as part of a Rule 59.04 motion to alter or amend a summary judgment." *Id.* The *Harris* considerations require a trial court dealing with a Tenn. R. Civ. P. 54.02 motion to revise a grant of partial summary judgment to consider:

1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

*Id*. at 742. The standard set out in *Bradley* requiring, in a Rule 59.04 motion, a particularized showing of due diligence or of the reasons why the new evidence could not have been discovered and presented prior to the initial hearing on the summary judgment motion takes into account several of the same factors considered in *Harris*.

In the instant case, we believe the two most important considerations are the Plaintiffs' efforts to obtain the evidence to respond initially to the summary judgment motion and the Plaintiffs' explanation for the failure to offer the newly submitted evidence in their initial response to the summary judgment motion. Plaintiffs filed a motion to alter or amend the judgment and a motion to allow the filing of Dr. Cross's amended affidavit and a reconsideration by the Trial Court of Defendant's summary judgment motion in light of this amended affidavit in an attempt to correct the deficiency of Dr. Cross's first affidavit. Plaintiffs' motions, however, give no explanation as to why Plaintiffs did not submit the evidence contained in Dr. Cross's amended affidavit in

Plaintiffs' initial response to the motion for summary judgment. Plaintiffs' brief states that Dr. Cross had not reviewed some of Plaintiff's x-rays prior to the filing of his original affidavit because the x-rays were not available. However, there is no explanation anywhere in the record why Plaintiff's x-rays, taken by a physician not involved in this suit, were not available to Plaintiffs and their expert prior to the filing of Dr. Cross's original affidavit. There is no showing whatsoever that the newly submitted evidence contained in Dr. Cross's amended affidavit was not available to Plaintiffs prior to the hearing on the motion for summary judgment.

As Plaintiffs have made no showing of due diligence and offered no explanation as to why the newly submitted evidence could not have been submitted earlier, we find the Trial Court did not abuse its discretion in refusing to consider Dr. Cross's amended affidavit. To hold otherwise would allow a party opposing a motion for full summary judgment to defend against it piecemeal by first offering some small portion of its available proof in an attempt to establish the existence of the essential elements of his claim and asking the trial court if that is enough to defeat the motion. If the trial court answers, "no, it's not", the non-moving party then could add a little more of its available proof and ask the same question of the trial court yet again. If "no" still was the answer, the non-moving party could continue to add bits and pieces of its available proof in an attempt to establish the existence of the essential element of the claim. We believe such a process neither is appropriate under Rule 56 nor required or allowed by case law.

As the Trial Court properly granted summary judgment and properly denied Plaintiffs' motion to allow the filing of and consideration by the Trial Court of Dr. Cross's amended affidavit, we find no error by the Trial Court in its denial of Plaintiffs' Rule 59.04 motion to alter or amend the judgment. We, therefore, affirm.

Defendant also raised an additional issue. Our decision as to the issues raised by Plaintiffs makes it unnecessary to address Defendant's additional issue.

## <u>Conclusion</u>

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellants, Gloria Jean Chambliss and Willie Chambliss, and their surety.

_____
D. MICHAEL SWINEY, JUDGE