IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs April 21, 2009

## WILLIAM GRIFFIN, JR.  v.  TERRANCE BORUM, ET AL.

**Direct Appeal from the Circuit Court for Madison County**
**No.  C05-272    Roger A. Page, Judge**

————————

**No. W2008-00725-COA-R3-CV - Filed May 27, 2009**

————————

Appellant William Griffin, Jr. appeals the trial court's denial of his Tenn. R. Civ. P. 59.04 motion to vacate or amend its order dismissing Mr. Griffin's case against the Appellee Kentucky National Insurance Co. for bad faith denial of an insurance claim.  We affirm

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and  DAVID R. FARMER, J., joined.

William Griffin, Jr., *pro se* Appellant

Thomas L. Parker, Ormonde B. DeAllaume, Memphis, TN, for the Appellee, Kentucky National Insurance Company

### OPINION

On July 6, 2005, Mr. Griffin filed a complaint against Kentucky National Insurance Co. ("KNIC").[1]  Therein, Mr. Griffin asserts that he discovered that his vehicle had been stolen on the morning of July 7, 2002.  Insurance on the vehicle was written by KNIC; however, coverage lapsed on July 8, 2002.  In an effort to renew the policy, Mr. Griffin delivered a check to his agent at KNIC on July 8, 2002.  The check was drawn on the account of Mr. Griffin's girlfriend, Cynthia Shewmaker.  Unbeknownst to the agent or KNIC, the check had been written on a closed account, and the check was forged.  After delivering the check, Mr. Griffin called his agent and left a message that he had just discovered that his vehicle had been stolen sometime during the previous weekend, July 6-7, 2002.

_____

[1] Mr. Griffin also filed suit against Terrance Borum and Corel Borum, who were allegedly responsible for the theft of Mr. Griffin's vehicle.

KNIC investigated the claim and discovered numerous inconsistencies in Mr. Griffin's story. KNIC's concern was heightened when the check Mr. Griffin had submitted to KNIC was returned for insufficient funds. Although the check was returned insufficient, KNIC did not yet know that it had been forged and that the account was, in fact, closed. Consequently, KNIC made the preliminary decision to pay the claim.

After KNIC issued the claim checks to Mr. Griffin in January 2003, it discovered Mr. Griffin's fraud in attempting to renew the policy with a forged check. KNIC immediately stopped payment on the checks pending further investigation of the claim. As part of its investigation, KNIC requested that Mr. Griffin give a recorded statement under oath, but he refused. Based upon Mr. Griffin's lack of cooperation, KNIC ultimately denied the claim.

On July 6, 2005, Mr. Griffin filed suit against KNIC, asserting bad faith denial of his insurance claim. Discovery ensued, with counsel for KNIC requesting dates to take Mr. Griffin's deposition. In response to this request for deposition dates, Mr. Griffin's attorney, Don Walker, stated that he was no longer able to represent Mr. Griffin. On or about August 9, 2006, KNIC learned that Mr. Griffin had retained another attorney, Russell Rice. Thereafter, on August 15, 2006, counsel for KNIC noticed Mr. Griffin's deposition. On August 25, 2006, Mr. Griffin's new attorney (despite the fact that no order of appearance had been entered) requested that the deposition be rescheduled. KNIC obliged, with the understanding that Mr. Rice's representation needed to be clarified by an order of substitution.

On September 5, 2006, KNIC again attempted to schedule Mr. Griffin's deposition. When KNIC received no response, it filed a notice to take Mr. Griffin's deposition on September 29, 2006, scheduling the deposition for October 20, 2006. Because of the confusion regarding Mr. Griffin's counsel, notice was sent to both Messrs. Walker and Rice. On October 19, 2006, KNIC's attorney spoke to Mr. Rice to assure that the deposition would proceed as scheduled. Mr. Rice indicated that he intended to represent Mr. Griffin, although no notice of appearance or order of substitution had been filed. Despite Mr. Rice's statement that the deposition would proceed, on the morning of October 20, 2006, Mr. Rice contacted KNIC's attorney to report that Mr. Griffin had refused to submit to the deposition. Mr. Rice informed KNIC that Mr. Griffin would not give a deposition unless so ordered by the court.

On November 28, 2006, KNIC filed a motion for sanctions and dismissal. Both Mr. Griffin and his attorney, Mr. Rice, were present at the hearing. At the conclusion of the hearing, the court declined to impose sanctions; rather, the court specifically ordered Mr. Griffin to appear for his deposition on February 23, 2007 at 10:00 a.m. at KNIC's attorney's office. Despite the trial court's order, on February 23, 2007, both Mr. Griffin and his attorney failed to appear for the scheduled deposition. Consequently, on February 26, 2007, KNIC renewed its motion for sanctions and dismissal. Following a hearing on the motion, the trial court entered an order on April 13, 2007, dismissing Mr. Griffin's case against KNIC with prejudice. The order was made final by inclusion of Tenn. R. Civ. P. 54.02 language.

On May 14, 2007, Mr. Griffin filed a Tenn. R. Civ. P. 59.04 motion to vacate or amend the April 13, 2007 judgment. Following a telephone hearing, on March 25, 2008, the trial court entered

an order denying Mr. Griffin's motion.[2]  Mr. Griffin appeals.[3]  The sole issue before this court is whether the trial court erred in denying Appellant Mr. Griffin's Tenn. R. Civ. P. 59.04 motion.

The review of a denial of a motion to alter or amend a judgment under Tenn. R. Civ. P. 59.04 is under the abuse of discretion standard. *See Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App.2003); *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App.1998).  The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn.Ct.App.2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.

We note that Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App.2003). However, dismissal is a harsh sanction that generally is not favored in circumstances where lesser sanctions are available. *Mfrs. Consol. Serv., Inc. v. Rodell*, 42 S.W.3d 846, 864 (Tenn.Ct.App.2000).  In *McKay v. McKay*, we discussed the propriety of dismissal as a sanction in a family law matter:

> [Tennessee Rules of Civil Procedure] Rule 37 expressly authorizes the trial court to dismiss a plaintiff's action, either upon motion or *sua sponte*, as a sanction for the plaintiff's violation of the court's discovery order or for a party's failure to attend a deposition. *See* Tenn. R. Civ. P. 37.04 and Tenn. R. Civ. P. 37.02(C). Accordingly, courts have repeatedly upheld the dismissal of an action where the plaintiff has failed to comply with the trial court's order compelling discovery. *See, e.g., Holt v. Webster*, 638 S.W.2d 391 (Tenn.Ct.App.1982); *Johnson v. Wade*, 2000 WL 1285331 (Tenn.Ct.App. Sept. 6, 2000); *Gordon v. Wilson*, 1998 WL 315940 (Tenn. Ct.App. June 15, 1998); *Nokes v. Hooper*, 1989 WL 115186 (Tenn.Ct.App. Oct. 4, 1989); *Ratliff Dev. Corp. v. Brooks*, 1988 WL 116455 (Tenn.Ct.App. Nov. 2, 1988). When a trial court imposes the

---

[2] The March 25, 2008 order also relieves Mr. Rice of further obligation to represent Mr. Griffin, dismisses Mr. Griffin's case against Messrs. T. Borum and C. Borum, and dismisses (without prejudice) KNIC's counter-claim against Mr. Griffin.

[3] Although Mr. Griffin had two attorneys at the trial level, he proceeds *pro se* in this appeal. . While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn.Ct.App.2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn.Ct.App.1997), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn.Ct.App.2000) (citing *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95 (D.C.Cir.1983)). Pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere. *Hodges*, 43 S.W.3d at 920-21.

> sanction of dismissal, the decision will not be disturbed on appeal in the absence of an affirmative showing that the trial judge abused his or her discretion. ***Shahrdar v. Global Hous., Inc.***, 983 S.W.2d 230, 236 (Tenn.Ct.App.1998).

***McKay v. McKay***, No. W2004-00610-COA-R3-CV, 2005 WL 240607, at *5 (Tenn. Ct. App. Jan. 31, 2005), no perm. app. filed.

We have reviewed Mr. Griffin's Tenn. R. Civ. P. 59.04 motion, which is comprised of a twenty-one page litany of alleged discovery failures on the part of KNIC. We have compared these allegations to the record, and find that the lion's share of the difficulty in this case rests upon Mr. Griffin.

The record indicates that Mr. Griffin and his attorney(s) were properly noticed for the scheduled depositions as required under the rules. There is also no dispute that Mr. Griffin failed to appear for his deposition. When Mr. Griffin failed to appear for the first scheduled deposition, the trial court showed leniency in withholding sanctions and/or dismissal, and in giving Mr. Griffin a second chance to fulfill his obligation to submit to a deposition. Despite this second chance, Mr. Griffin again failed to appear. The claim that Mr. Griffin's attorney did not have the correct date and time is simply not supported by the record, which contains the notice of deposition. In failing to appear for the second scheduled deposition, and especially in light of the trial court's statement directed at Mr. Griffin in open court regarding his attendance, Mr. Griffin obviously chose to disregard the order of the court. Mr. Rice's protestation that the absence of his client from the deposition was Mr. Rice's fault alone fails to satisfy either the trial court or this court regarding Mr. Griffin's failure to appear. From the record, it appears that Mr. Griffin has engaged in a pattern of dilatory conduct. He failed to give a sworn statement as requested at the outset of KNIC's investigation of the claim; and he has repeatedly refused to comply with reasonable discovery despite notice and second chances. From the totality of the circumstances, we conclude that the trial court did not abuse its discretion in dismissing Mr. Griffin's complaint, or in its failure to grant Tenn. R. Civ. P. 59.04 relief therefrom.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant William Griffin, Jr. and his surety.

_____
J. STEVEN STAFFORD, J.