# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### December 10, 2013 Session

## SHONDA M. MICKEL

### v.

## ERIC AND WILLENE CROSS D/B/A WILLENE'S HOME REPAIR, LLC

**An Appeal from the Circuit Court for Madison County**
**No. C-08-226      Roy B. Morgan, Jr., Judge**

**No. W2013-00550-COA-R3-CV - Filed December 20, 2013**

This case involves a complaint for damages alleging breach of contract, fraud, and violation of the Tennessee Consumer Protection Act. After a bench trial, the trial court held in favor of the plaintiff on several of the claims and awarded damages. Almost a year after the final order was entered, the defendants filed a motion to set aside the order pursuant to Rule 60 of the Tennessee Rules of Civil Procedure, but the trial court denied the motion. The defendants now appeal. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

William M. Monroe, Memphis, Tennessee, for the Defendant/Appellant, Eric Cross d/b/a Willene's Home Repair, LLC.[1]

Kevin A. Snider, Memphis, Tennessee, for the Plaintiff/Appellee, Shonda M. Mickel.

---

[1]Mr. Monroe did not represent Appellant at trial or in any of the original post-trial proceedings; he began representing Appellant in September 2012 and filed Appellant's second post-trial motion.

**MEMORANDUM OPINION**[2]

Plaintiff/Appellee Shonda M. Mickel ("Ms. Mickel") entered into two written contracts with Defendants Eric Cross and Willene Cross, d/b/a Willene's Home Repair, LLC (collectively "Defendants"). In the first contract, Ms. Mickel agreed to pay $30,000 for the Defendants to renovate certain real property in Jackson, Tennessee; the Defendants agreed to fully renovate the property to get it ready for sale. Under the agreement, Ms. Mickel was to receive 40% of the profit from the sale of the real property plus her initial investment, and the Defendants were to receive 60% of any profit. Similarly, in the second contract, Ms. Mickel agreed to pay the Defendants $20,000 to renovate real property located in Bolivar, Tennessee. Under this second contract, Ms. Mickel was to receive 40% of the profits from the sale of the property plus her initial investment, and the Defendants were to receive 60% of any profit.

Over time, both properties were renovated as agreed, and the Defendants subsequently sold both at a profit. The Defendants, however, did not give Ms. Mickel any monies pursuant to either of the two contracts.

On August 4, 2008, Ms. Mickel filed this lawsuit against the Defendants in the Circuit Court of Madison County, Tennessee. The complaint stated claims based on breach of contract, fraud, violations of the Tennessee Consumer Protection Act ("TCPA"), detrimental reliance, conversion, trespass to chattels, money had and received, unjust enrichment, and "other intentional, reckless, and/or negligent actions and/or omissions." Defendant Willene Cross did not file an answer to the complaint, so the trial court entered a default judgment against her. The case proceeded against Defendant Eric Cross d/b/a Willene's Home Repair, LLC, and against Willene Cross as to damages only.

On October 19, 2010, the trial court conducted a bench trial in the matter. On November 10, 2010, the trial court entered a written order holding in favor of Ms. Mickel. The trial court concluded that Ms. Mickel had proven her claims of fraud and violation of the TCPA, and that

---

[2]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

-2-

she had "overwhelmingly proven the claim of breach of contract." It awarded Ms. Mickel damages against both defendants, jointly and severally, in the total amount of $248,000.[3]

On December 9, 2010, the Defendants filed a motion to alter or amend the November 10, 2010 judgment, challenging the trial court's findings of fact and sufficiency of the proof. In an order dated April 15, 2011, the trial court denied that motion. Defendant Eric Cross ("Appellant")[4] (but not Willene Cross) filed a notice of appeal to this Court. This appeal was dismissed as an appeal from a non-final judgment because the trial court had not adjudicated Ms. Mickel's request for prejudgment interest.[5] *See* Tenn. R. App. P. 3.

On October 11, 2011, the trial court entered an "Amended Order of Final Judgment." This order denied Ms. Mickel's request for prejudgment interest. This order was the final, appealable order in this case. But Appellant did not appeal the October 11, 2011 order, and mandate was issued by this Court.

On September 13, 2012, almost a year after entry of the October 11, 2011 amended order, Appellant filed another post-trial motion. This motion was entitled "Motion to Alter or Amend Judgment Pursuant to TRCP, Rule 60." In this motion, Appellant argued that the November 10, 2010 "Order of Final Judgment" and the October 11, 2011 amended order were both "void as a matter of law." Specifically, Appellant claimed: "[T]his action was brought based upon contracts and actions between corporations but the judgments were rendered in behalf of a non corporate individual Plaintiff pursuant to the [TCPA] who was not a proper person to bring an action pursuant to the [TCPA]." In addition, Appellant argued that, because the trial court entered a final order on October 11, 2011, the Court of Appeals should recall the mandate and re-institute the Appellant's first appeal as a matter of "equity and fairness."

On January 14, 2013, the trial court conducted a hearing on Appellant's Rule 60 motion. On January 28, 2013, the trial court entered an order denying the motion. The trial court held that

---

[3]This total was comprised of $50,000 for return of Ms. Mickel's initial investment, $26,000 for her 40% of the profits, $152,000 (double compensatory damages) pursuant to the TCPA, and $20,000 in attorney fees.

[4]Willene Cross did not participate in either the first appeal or this appeal.

[5]This Court issued a show-cause order and gave the Appellant an opportunity to supplement the appellate record with a final order from the trial court to avoid dismissal of the appeal. However, the Appellant did not do so in the time provided in the show-cause order. As a result, the first appeal was dismissed for lack of a final judgment.

the Appellant's Rule 60 motion "is not timely, the issues were waived, and it is without merit."[6] From this order, Appellant now appeals.

## ANALYSIS

On appeal, Appellant challenges the trial court's April 15, 2011 order denying the first motion to alter or amend, as well as the trial court's January 28, 2013 order denying the second motion to alter or amend. We review a trial court's denial of a motion to alter or amend for an abuse of discretion. ***Chambliss v. Stohler***, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003).

As to Appellant's argument that the trial court erred in denying the first motion to alter or amend on April 15, 2011, we hold that the issue is not properly before this Court. Any challenge to the trial court's April 15, 2011order denying the first motion to alter or amend would have had to have been raised in an appeal of the final order entered on October 11, 2011. However, Defendants did not appeal that order.[7] Therefore, we decline to address the trial court's denial of the first motion to alter or amend.

Appellant next challenges the trial court's denial of the second motion to alter or amend. The second motion, while titled as a motion to "alter or amend," is in substance a motion for relief from a final judgment pursuant to Rule 60.02.[8] Appellant relies on subsection (5) of Rule 60.02, the "catchall" provision that permits the trial court to set aside its final judgment for "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02(5). Such a motion must be made "within a reasonable time." ***Id.*** As with a trial court's decision on a motion to alter or amend, a trial court's denial of a motion to set aside pursuant to Rule 60.02 is reviewed on appeal for an abuse of discretion. ***Discover Bank v. Morgan***, 363 S.W.3d 479, 487 (Tenn. 2012).

We agree with the trial court that Appellant's motion to set aside was without merit. Appellant argued that the October 11, 2011 final order was "void as a matter of law" because the judgments under the TCPA were rendered against the Defendants as individuals but the contracts at issue were between corporations. Without addressing the merits of this argument,

---

[6]In that order, the trial court also adjudicated motions related to post-judgment discovery that are not relevant to this appeal.

[7]Appellant argues that we should address this issue under the plain error doctrine. Appellant cites no authority for application of the plain error doctrine to a post-trial motion. We hold that the plain error doctrine is not applicable under these circumstances, and in any event we decline to apply it in this case.

[8]A motion to alter or amend may be filed pursuant to Rule 59.04. However, a motion pursuant to Rule 59.04 must be filed within 30 days after entry of the final order.

we note that this fact, if true, was known to Appellant prior to the trial and could have been raised by Appellant and argued at trial. Appellant has simply waited too late to raise the issue. Thus, we agree with the trial court that the arguments raised in Appellant's motion to set aside are "not timely, the issues were waived, and [the motion] is without merit."

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Eric Cross, d/b/a Willene's Home Repair, LLC, and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE