IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2024

## JAMES NICHOLAS HOWARD v. AMA NARVARTE HOWARD

**Appeal from the Circuit Court for Montgomery County**
**No. CC-2021-CV-889          Kathryn Wall Olita, Judge**

_____

## No. M2022-01478-COA-R3-CV

_____

The parties to this appeal separated in 2019 and executed a separation agreement requiring the husband to pay child support for the parties' three children. When the husband filed for divorce in 2021, he requested that the child support be modified pursuant to a provision in the separation agreement. Following a bench trial, the trial court determined that the husband's child support obligation should be modified due to a substantial change in the parties' circumstances. Following a motion to alter or amend filed by the wife, however, the trial court reversed its initial ruling, holding that the husband's child support obligation was non-modifiable. The husband appealed to this Court. Because the trial court erred in granting the wife's motion to alter or amend, we reverse and remand the case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court for Montgomery County Reversed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Justin M. Hilliard, Clarksville, Tennessee, for the appellant, James Nicholas Howard.

Ama Narvarte Howard, Clarksville, Tennessee, pro se appellee.

## OPINION

### BACKGROUND

This appeal arises from a separation agreement and subsequent divorce. The parties married in 2008 in Seoul, South Korea and share three minor children.[1] The parties

_____

[1] Custody of the children is not at issue on appeal.

separated in 2018 while living in Daegu, South Korea and, in 2019, executed a separation agreement (the "Agreement"). As relevant, the Agreement provides:

IV. CHILD SUPPORT

AMOUNT

Commencing on the 15th day of July, 2019, the Husband agrees to pay to the Wife to be used solely for the benefit of such Children the sum of $667 per child per month until the first child is emancipated, and then the support obligation will be recalculated using the applicable guideline for the remaining children or such increased amount as determined by a court of competent jurisdiction for the support and maintenance of the minor children. Such child support payments shall continue so long as the Children reside and live with the Wife until the occurrence of the emancipation event as stated in [the Agreement].

MODIFICATION

The parties further acknowledge that the child support required by this agreement is only subject to modification by a court of competent jurisdiction upon a showing of a substantial change of circumstances. To assist the court in any subsequent action concerning child support, the amount of child support stated herein was predicated on the present income of the parties at the time of this agreement of $4,295.70 (Four Thousand Two Hundred Ninety-Five Dollars and Seventy Cents) per month gross for the Husband and $0.00 (No Dollars and No Cents) per month gross for the Wife.

On May 11, 2021, Husband filed a Verified Complaint for Absolute Divorce in the Circuit Court for Montgomery County (the "trial court"). Husband claimed that the child support provided in the Agreement was modifiable by the trial court and asked the trial court to "recalculate child support based upon the parties' current financial circumstances." On June 16, 2021, Wife filed an answer and counter complaint for divorce.

On October 8, 2021, Husband filed a motion for summary judgment, arguing that his child support obligation is modifiable pursuant to both the Tennessee Child Support Guidelines as well as the Agreement. Husband pointed out that the Agreement provides for child support modification in the event of a "substantial change of circumstances," which Husband urged is just a rephrasing of "significant variance." On March 30, 2022, the trial court entered an order denying Husband's motion for summary judgment but finding that the Agreement was "a valid, written contract, the enforceability of which is

governed by contract law." The trial court also found that issues surrounding the parties' parenting plan would be decided at trial.

The trial court held a final hearing on May 31, 2022. At the time of the final hearing, Husband testified that he was in the process of being involuntarily separated from the United States Army due to service-connected injuries. Husband testified that he was diagnosed with post-traumatic stress disorder and traumatic brain injuries and had behavioral health issues related to those conditions. Husband's separation from the military became effective June 28, 2022. According to Husband, after that date he would receive approximately $2,275.52 per month in veterans disability benefits and a lump sum payment of $172,876.80 in disability severance pay. Husband asserted that he would have to pay back the severance pay to the Department of Veterans Affairs through a deduction from any military retirement payments he might later receive. Husband further testified that he was pursuing a Bachelor's degree and that without first obtaining that degree, he was unable to earn more than minimum wage. The trial court did not find this claim credible. Wife also testified at trial about her financial circumstances, explaining that she worked at a commissary and did other odd jobs such as giving massages and cleaning houses. The trial court found Wife credible as to her income and set Wife's income at $1,000.00 per month. The trial court also found that Wife is the primary caretaker of the parties' children and that Husband exercised his parenting time on only three occasions over the past three years.

As pertinent, the trial court also found:

1. [The Agreement] is a valid and enforceable contract that shall govern the distribution of the parties' marital estate, as well as the payment of spousal support.

\*       \*       \*

4. The Husband's child support obligation is modified pursuant to the Child Support Guidelines and the findings contained herein.

In its memorandum opinion entered July 15, 2022, the trial court cited the Agreement's modification provision and recalculated the parties' income, ultimately finding a substantial change of circumstances. The trial court considered Husband's disability severance payment and concluded that it was appropriate to count the severance payment as income under the Child Support Guidelines. Based on the evidence at trial, the trial court found that Husband's monthly income for purposes of support was $4,871.74. The trial court reasoned that a substantial change in circumstances had occurred due to Husband's involuntary separation from the military and Wife's income increasing from $0.00 per month to $1,000.00 per month. The trial court ordered Wife's counsel to prepare a child support worksheet in accordance with the ruling. Wife's counsel never filed a

worksheet. Husband, however, filed a motion for additional findings of fact on August 2, 2022, to which he attached a proposed child support worksheet consistent with the trial court's ruling. Using the income found by the trial court, Husband's child support worksheet reflected a monthly obligation of $1,184.00 and forty-seven days of parenting time. Husband also asked that the trial court make the child support modification retroactive to May 11, 2021, when Husband filed his petition.[2] The trial court entered its final decree on August 12, 2022, in which it rejected Husband's request to make the child support modification retroactive. The trial court noted that such action would be "inequitable and work an[] incredible hardship upon [Wife] and the children[.]" There was no final child support worksheet attached to the final judgment, nor does the final judgment clearly state the amount of Husband's monthly child support obligation.

On August 24, 2022, Wife filed a motion to alter or amend the trial court's final order or, in the alternative, to suspend imposition of the child support reduction, reinstating the agreed amount of $667.00 per child per month, or, $2,001.00 per month, provided in the Agreement. Wife claimed that the support provided in the Agreement was higher than the mandated guidelines and thus enforceable as a contract. Specifically, Wife argued that:

12. Pursuant to [the Agreement], "Commencing on the 15th day of July, 2019, the Husband agrees to pay to the Wife to be used solely for the benefit of such children the sum of $667 per child per month until the first child is *emancipated*, and then the support obligation will be recalculated using the applicable guidelines for the remaining children or such increased amounts as determined by a court of competent jurisdiction for the support and maintenance of the minor children. Such child support payments shall continue so long as the children reside and live with the wife until the occurrence of the emancipation event as stated in this agreement."

13. Though the child support obligation may be modified, any obligation exceeding the scope of the legal duty to provide child support during minority is enforceable as a contract thus the obligation agreed to in [the Agreement], to pay child support in the amount of $667.00 per child per month until the oldest child is emancipated pursuant to the specified emancipation provision therein, is enforceable as a contract.

14. The Wife moves this Honorable Court to modify the Final Decree to Order that the Husband is contractually obligated to pay child support to the

---

[2] In his motion for additional findings of fact in which he asks for the child support modification to be made retroactive, Husband states that the effective date should be June 1, 2021. In his brief to this Court, Husband states that the modification should be retroactive to the date he filed the verified complaint for divorce in which he requested the modification. As best we can discern, the mention of June 1, 2021 in the motion is an error, as Husband did not file anything on that date. In any event, the discrepancy does not impact our decision in this case.

Wife in the amount of $667.00 per child per month until such time as the oldest child is emancipated.

Husband filed a competing motion to alter or amend on September 9, 2022, arguing that his military severance payment is not divisible because it is not disposable military retirement pay as contemplated by the Agreement. Husband argued that the trial court lacked jurisdiction to divide the severance payment under federal law. Additionally, Husband noted that the trial court's final order failed to clearly specify his current monthly support obligation. He moved the trial court to award Wife child support in the amount contemplated in the memorandum opinion entered July 15, 2022, and reflected in the worksheet filed by Husband.

The trial court held a hearing on the motions to alter or amend. In an order entered September 27, 2022, the trial court ruled in favor of Husband on the division of the severance payment, denying Wife's motion as to this issue. As to the child support issue, however, the trial court ruled in Wife's favor and reinstated Husband's $2,001.00 per month child support obligation. As relevant, the order provides:

> Wife next asks this Court to review its determination as to child support, specifically with regard to the contractual agreement of the parties contained in the Agreement. Wife relies upon Allison v. Hagan, 211 S.W.3d 255 (Tn.Ct.App. 2006), for the proposition that an agreement between parents that child support payments will be higher than the mandated guidelines is not merged into a final decree of divorce and is enforceable as any other contract. "Thus, any voluntarily assumed obligation exceeding the minimum support required is controlled exclusively by the parties' agreement." Kesser v. Kesser, 2005 WL 181690 (Tenn. Ct. App. Jan. 27, 2005), aff'd in part, rev'd in part, 201 S.W.3d 636 (Tenn. 2006). [Wife] argues that the parties' Agreement contains a contractual obligation on the part of Husband that is in excess of the legal duty of child support. Specifically, Paragraph IV of the Agreement under the heading CHILD SUPPORT, states:
>
>> Commencing on the 15th day of July, 2019, the Husband agrees to pay to the Wife to be used solely for the benefit of such Children the sum of $667 per child per month until the first child is emancipated, and then the support obligation will be recalculated using the applicable guidelines for the remaining children or such increased amount as determined by a court of competent jurisdiction for the support and maintenance of the minor children. Such child support payment shall continue so long as the Children reside and live with the Wife until the occurrence of the emancipation event as stated in this agreement.

- 5 -

Agreement, p. 4. To the extent the [A]greement exceeds the legal duty of child support over which the court retains the power to modify, it is not merged into the final decree [of] divorce and is enforceable as any other contract. *W. Walton Garrett*, Tenn. Divorce, Alimony and Child Custody *§ 14-6 (1996)*. Thus, any voluntarily assumed obligation exceeding the minimum support required is controlled exclusively by the parties' agreement.

The Agreement also contains the following provision:

**MODIFICATION**

The parties further acknowledge that the child support required by this agreement is only subject to modification by a court of competent jurisdiction upon a showing of a substantial change of circumstances. To assist the court in any subsequent action concerning child support, ***the amount of child support stated herein was predicated on the present income of the parties at the time of this agreement of $4,295.70 (Four Thousand Two Hundred Ninety-Five Dollars and Seventy Cents) per month gross for the Husband and $0.00 (No Dollars and No Cents) per month gross for the Wife.***

Agreement, p. 5 (emphasis added). While no child support worksheet was included with the Agreement, it is apparent from the face of the Agreement that the calculation of the same was based upon "the present income of the parties." The Agreement also provides for a parenting schedule naming Wife as "Custodial Parent" and affording Husband certain "custodial time" with the children. Husband's custodial time under the Agreement is approximately 100 days. When child support is calculated under the Tennessee Child Support Guidelines utilizing these figures, the final child support order is $1,228.00. This total is less than the $2,001.00 Husband agreed to in [the Agreement]. As such, the [c]ourt finds that the agreed upon amount is in excess of what the guidelines would require and is a contractual provision enforceable as between the parties. As such, Wife's Motion to Alter or Amend on this issue is granted and to the extent that she asks the [c]ourt to enforce this contractual provision, that request is granted. Husband is ordered to pay $667 per child per month until [the oldest child] is emancipated.

Accordingly, the trial court determined that Husband's child support obligation could not be modified because he contractually agreed to pay an amount of child support exceeding his legal duty. In so holding, the trial court effectively reversed its decision in its July 15,

2022 memorandum opinion determining that a substantial change of circumstances warranting modification had occurred. Husband timely appealed to this Court.

## ISSUE

Husband raises a single issue on appeal, which we take verbatim from his appellate brief:

I.      The Trial Court erred, as a matter of law, in establishing gross monthly incomes for child support calculation purposes because [Husband] was not fully credited with moneys paid for alimony, retirement, and healthcare expenses.

## STANDARD OF REVIEW

This case is principally about child support. "Determinations regarding child support are reviewed under an abuse of discretion standard." *Buntin v. Buntin*, 673 S.W.3d 593, 601 (Tenn. Ct. App. 2023) (citing *Mayfield v. Mayfield*, 395 S.W.3d 108, 114–15 (Tenn. 2012). Moreover, Husband's issue on appeal stems primarily from the trial court's decision to grant Wife's motion to alter or amend and deny Husband's motion to alter or amend, thus reversing the trial court's previous ruling as to child support. "We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). "[A] trial court will be found to have 'abused its discretion' when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Buntin*, 673 S.W.3d at 602 (quoting *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005)).

## DISCUSSION

On appeal, Husband claims that the trial court erred in its child support calculation by failing to appropriately credit Husband "with moneys paid for alimony, retirement, and healthcare expenses." In the argument portion of his brief, Husband notes that neither the trial court nor Wife "offered alternate guideline calculations to [Husband's] calculation, nor even explain why a deviation is needed or justified[.]" Husband further notes that "there are no findings of fact by the [t]rial [c]ourt adopting [Wife's] child support calculation or creating one itself." Distilled to their essence, these arguments reflect that what Husband takes issue with is the trial court's decision to reverse itself in the September 27, 2022 order, without explanation as to why the trial court deviated from its own factual findings and what Husband posits are the correct calculations. Having thoroughly

reviewed the record, we agree with Husband that the trial court erred in granting Wife's motion to alter or amend.

In so doing, the trial court reasoned that Husband agreed to pay child support over and above the base guideline amounts and that the support was thus non-modifiable. This ruling is erroneous for two reasons. First, it is true that parties may agree to child support in excess of what the guidelines require. Nonetheless, such an agreement does not remain non-modifiable in perpetuity; rather, once a contractual agreement for child support merges into a final decree of divorce, the child support provision is modifiable unless it is a "provision[] extending a parent's child support obligation past a child's majority age." *State ex rel. Roberts v. Crafton*, 638 S.W.3d 651, 662 (Tenn. Ct. App. 2021) (citing *Kesser v. Kesser*, 201 S.W.3d 636, 642 (Tenn. 2006)). As we have previously explained:

> The question of whether a provision concerning child support for minor children may remain contractual was definitively answered by our Supreme Court in *Kesser v. Kesser*, 201 S.W.3d 636, 642 (Tenn. 2006), *superseded by statute on other grounds as stated in Moore v. Moore*, 254 S.W.3d 357, 360 n.5 (Tenn. 2007), wherein the Court explained that any "agreement between parties 'with respect to,' 'dealing with,' or within 'the scope of' the legal duty to support their children during minority 'loses its contractual nature' when merged into a divorce decree." (quoting *Penland v. Penland*, 521 S.W.2d 222, 224–25 (Tenn. 1975)). The High Court proceeded to explain that "[b]ecause the provision merges into the decree, the child support obligation is subject to modification by the trial court." *Kesser*, 201 S.W.3d at 642.
>
> In *Kesser*, the parties agreed that the father would pay 21% of "all bonuses or other income" to the mother as child support. *Id.* at 639. The father subsequently sought prospective modification of this percentage based upon changes in his financial circumstances. *Id.* at 644. The mother argued that the provision could not be modified because it obligated the father to pay a greater amount of child support than that required by the Tennessee Child Support Guidelines and therefore remained contractual. *Id.* at 643. The Supreme Court determined that the provision was subject to prospective modification, stating:
>
> > We conclude that any agreement between the parents regarding the payment of child support of a minor child is within the legal obligation to support the minor child and, therefore, is subject to court modification once the agreement is merged into a divorce decree. In the present case, the 21% provision in the MDA related to the payment of child support for the parties' minor child during the child's minority and, therefore, was within [the father's] legal obligation to support the

- 8 -

minor child. When the trial court approved the agreement and incorporated the MDA into the final decree of divorce, the 21% provision merged into the divorce decree, lost its contractual nature, and became subject to modification by the trial court.

*Id.* The *Kesser* Court explained that only those agreement provisions related to child support that extended a parent's child support obligation past the age of majority would remain contractual rather than merging into the final decree of divorce. *Id.* at 642–43.

*Schwager v. Messer*, No. W2018-01820-COA-R3-CV, 2019 WL 4733475, at *7 (Tenn. Ct. App. Sept. 27, 2019).

Here, Husband does not dispute that in the 2019 Agreement, he agreed to pay additional child support over and above the base guideline amount. Husband simply claims that the trial court erred in concluding that the child support amount should remain the same without reference to the parties' updated financial circumstances. We agree. The trial court's initial ruling, in which it considered the parties' current circumstances and determined that a modification was in order, was correct. Husband did not agree to provide child support past the children reaching the age of majority; accordingly, the trial court's ruling that the child support obligation cannot be modified, notwithstanding a substantial change in circumstances, is contrary to the case law quoted above. *See Schwager*, 2019 WL 4733475, at *7; *see also State ex rel. Roberts*, 638 S.W.3d at 662. In this respect, the trial court applied an incorrect legal standard. *See Buntin*, 673 S.W.3d at 601 (noting that a trial court abuses its discretion when it applies an incorrect legal standard).

Second, even applying the trial court's logic that the Agreement retained its contractual nature, the plain language of the Agreement provides that a modification is possible. Specifically, the Agreement states under the heading "MODIFICATION" that "the child support required by this agreement is only subject to modification by a court of competent jurisdiction upon a showing of a substantial change of circumstances." Assuming arguendo that we agreed with the trial court that the Agreement retained its contractual nature, the Agreement itself states that a court of competent jurisdiction may modify the child support obligation.

The trial court conducted a final hearing at which it heard extensive testimony from the parties about their current circumstances. Afterwards, the trial court determined that a substantial change of circumstances had occurred and that a modification was warranted. That initial ruling is wholly supported by the record, and it is unclear from the September 27, 2022 order why the trial court reversed course. Simply put, the trial court got it right the first time, and Wife's motion to alter or amend should have been denied as to this issue.

- 9 -

The trial court's ruling that Husband's child support obligation may not be modified under any circumstances cannot be squared with either the law or the Agreement's language. Accordingly, the trial court erred in granting Wife's motion to alter or amend as to that issue, and we reverse.[3] The trial court's original ruling as to child support is reinstated, and the trial court shall enter a child support worksheet reflecting that ruling.

## CONCLUSION

The judgment of the Circuit Court for Montgomery County is reversed and remanded for proceedings consistent with this opinion. Costs on appeal are assessed to the appellee, Ama Narvarte Howard, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE

---

[3] In the motion to alter or amend stage, the parties also disputed the divisibility of certain military benefits. Neither party has raised this issue on appeal, and, as such, it is not currently before us.