IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2017

**BETTY C. THOMAS v. BANK OF AMERICA, N.A. ET AL.**

**Appeal from the Chancery Court for Williamson County**
**No. 41802      Michael Binkley, Judge**

_____

**No. M2015-01849-COA-R3-CV**

_____

Plaintiff appeals the trial court's decision to grant summary judgment to Defendants related to the foreclosure of Plaintiff's home. She contends the trial court erred in summarily dismissing her complaint. She also contends the trial court abused its discretion in denying Plaintiff's motion to alter or amend. Defendants insist the trial court should be affirmed in all respects. They also contend the appeal should be dismissed due to Plaintiff's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Tennessee Court of Appeals. As Defendants contend, Plaintiff's brief fails to comply with our appellate rules of advocacy and for this reason alone we would be justified in affirming the trial court. Nevertheless, we reviewed the record and the trial court's actions and affirm the trial court in all respects. Accordingly, the trial court's judgment is affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and BRANDON O. GIBSON, JJ., joined.

Betty C. Thomas, Franklin, Tennessee, Pro Se.

Edmund Scott Sauer, Brian Robert Epling, and Harold Frederick Humbracht, Jr., Nashville, Tennessee, for the appellee, Bank of America of North Carolina.

Kelly Marie Telfeyan, Nashville, Tennessee, for the appellee, Seterus, Inc.

**OPINION**

Plaintiff Betty C. Thomas ("Thomas") appeals the grant of summary judgment and the trial court's order denying Thomas's motion to alter or amend. Thomas timely appealed. Because Thomas failed to comply with Tenn. R. App. Proc. 27 and Rule 6 of

the Tennessee Court of Appeals, and because we find that the trial court properly granted summary judgment, we dismiss the appeal.

On August 30, 2007, Plaintiff Betty C. Thomas ("Thomas") executed a promissory note in the amount of $124,500.00 to purchase the residence located at 796 Edwards Circle, Franklin, Tennessee 37064. That same day, Thomas executed a deed of trust to secure the note against the property. Section 3 of Thomas's deed of trust specifically provided that each month, Thomas shall pay an escrow charge that covered, among other things, her property taxes.

In June 2012, Bank of America, N.A. ("Bank of America"), Thomas's then-current mortgage servicer, notified Thomas that she failed to timely pay her property taxes. Bank of America informed Thomas that, if she did not pay her property taxes within thirty days, Bank of America had the right to establish an escrow account to advance the funds necessary to pay the property taxes, and that "[t]he escrow w[ould] remain in effect for the life of the loan." Due to Thomas's inaction, Bank of America advanced the funds necessary to pay Thomas's property taxes and established an escrow account. This was done in compliance with Section 3 of Thomas's deed of trust. The escrow account increased Thomas's monthly loan payment by $326.44, making her monthly amount owed $1,113.36. Thomas, however, refused to pay the additional amount allocated to escrowed property taxes. Instead, she continued to make monthly payments of $786.92, which covered only the principal and interest portions of the loan.

In October 2012, Bank of America informed Thomas that it would refuse to accept payments for less than the full amount, so Thomas stopped making her mortgage payments altogether. Bank of America declared Thomas's loan in default and accelerated the balance due on the loan. At this point, Bank of America transferred the servicing of Thomas's mortgage to Seterus, Inc. ("Seterus"), which began servicing Thomas's mortgage on or about December 1, 2012. That same day, Seterus initiated non-judicial foreclosure proceedings against Thomas.

In February 2013, Thomas filed a lawsuit against Bank of America and Seterus (together, "Defendants"). The parties agreed to halt the foreclosure proceedings until the resolution of the instant matter. In her Complaint, Thomas alleged violations of the Fair Debt Collections Practices Act, the Real Estate Settlement Procedures Act, the Tennessee Consumer Protection Act, and the Equal Credit Opportunity Act. The crux of Thomas's claim was that Defendants lacked the authority to establish an escrow account for her property taxes.

Defendants filed separate motions for summary judgment arguing that Thomas's deed of trust expressly allowed them to create an escrow account in the event that Thomas failed to pay her property taxes. Defendants further argued that the creation of an escrow account did not violate state or federal law. Thomas did not file responses to either of Defendants' motions for summary judgment, nor did she appear at the hearing

for these motions. Thomas's absence from the hearing was notable because the trial court reset the hearing date sua sponte, solely as a courtesy to Thomas.[1] In its order resetting the summary judgment hearing, the trial court emphasized that under no circumstances would the hearing be postponed again. The hearing took place on its rescheduled date, and finding no genuine issue of material fact, the trial court granted Defendants' motions for summary judgment.

Thomas then moved to alter or amend the trial court's judgment under Tenn. R. Civ. P. 59.04, primarily citing her inability to appear at the summary judgment hearing. The trial court denied Thomas's motion, concluding that Thomas failed to respond to either party's motion for summary judgment and that the evidence presented in her motion to alter or amend "d[id] not meet the threshold criteria" under Tenn. R. Civ. P. 59.04.

On September 18, 2015, Thomas filed a notice of appeal contesting the trial court's dismissal of her claims against Defendants related to the foreclosure on her home. On January 4, 2017, noting "extraordinary delays" due primarily to Thomas's failure to comply with the appellate rules, this court informed Thomas that she had one final opportunity to file her appellate brief by February 3, 2017, or else risked having her appeal summarily dismissed. On February 3, Thomas filed a two-page brief, with several documents attached to the brief. Although Thomas fails to identify any issues and fails to provide an appropriate argument to address an issue, it appears she contends that the trial court erred in granting Defendants' motions for summary judgment and in denying her motion to alter or amend. Each Defendant timely filed an appellee's brief and both contend the appeal should be dismissed due to Thomas's failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Tennessee Court of Appeals Rule 6. They also contend the trial court should be affirmed in all respects.

**ANALYSIS**

I.   WAIVER OF APPELLATE REVIEW

We note at the outset that although Thomas has been represented by counsel during various portions of this litigation, she now appears before this court pro se. Regarding pro se litigants, this court has explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's

---

[1] Thomas had previously requested, and been denied, a continuance.

adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (internal citations omitted).

Both the trial court and this court have afforded Thomas leniency, granting numerous extensions to allow Thomas additional time to deal with her ongoing health issues, retain counsel, and respond to pleadings. This appeal has already been delayed for more than a year due primarily to Thomas's failure to comply with the time limits provided by the Tennessee Rules of Appellate Procedure and the prior orders of this court.

Despite being instructed that no additional extensions would be granted, Thomas requested an extension to file her appellate brief. In our denial of that request, we informed Thomas that "failure to file a brief by February 3, 2017, shall result in dismissal of the appeal without further notice." On the final due date of February 3, 2017, Thomas filed a two-page brief with several documents attached. Thomas's appellate brief filed with this court fails to comply with basic filing rules.

Tenn. R. App. P. 27 states in pertinent part:

(a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1)     A table of contents, with references to the pages in the brief;

(2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . . .

(4)    A statement of the issues presented for review;

(5)    A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)    A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)    An argument, which may be preceded by a summary of argument, setting forth:

    (A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) ....

(8)    A short conclusion, stating the precise relief sought.

Similarly, R. Tenn. Ct. App. 6 provides in pertinent part:

(a)    Written argument in regard to each issue on appeal shall contain:

(1)    A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)    A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)     No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

"Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (listing cases). All filers, including pro se filers, must comply with Rule 27's basic requirements. *Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014) (finding that a pro se filer's failure "to comply in any significant way with Tenn. R. App. P. 27" resulted in waiver on appeal).

In the instant matter, Thomas filed a two-page document as her appellate brief. Both pages contain the same heading, "Relevant Facts," with no actual citation to the record or case law. Instead, the first page details issues with Thomas' former counsel, her inability to locate certain documents, and the delivery of a motion for hearing in her case to opposing counsel. The second page provides a short summary regarding the origination of her loan and suggests that "evidence will show the documents associated with Bank of America and Country Wide [sic] are seriously flawed." Further, Thomas attaches documents to her filing, which purport to support her case.

Thomas's brief fails to comply with the basic requirements of the Tennessee Rules of Appellate Procedure and the Tennessee Court of Appeals Rules in that it completely lacks a table of contents, table of authorities, statement of the issues, statement of the case, and statement of facts. *See* Tenn. R. App. P. 27(a)(1)-(2),(4)-(6). Her brief is devoid of any citations to the record or pertinent cases, and most importantly, it fails to identify the issues that Thomas seeks to appeal. Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed.

## II. GRANT OF SUMMARY JUDGMENT

Notwithstanding the fact that Thomas waived all issues on appeal because of her failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we prefer to rule on the merits of appeals when possible. Having reviewed the record in the context of the issues we believe Thomas was attempting to raise, we find no error.

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing that there is a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

In this case, Thomas did not file responses to either of Defendants' motions for summary judgment, nor did she appear at the hearing for these motions. Thomas's absence from the hearing was significant because she had previously requested, and been denied, a continuance of the summary judgment hearing. However, the trial court reset the hearing date sua sponte. In its order resetting the hearing, the trial court emphasized that the summary judgment hearing was being reset solely as a courtesy to Thomas, and that under no circumstances would the hearing be postponed again. As a result of her inaction, Thomas failed to set forth specific facts showing that there was a genuine issue for trial with regard to Defendants' alleged violations of the Fair Debt Collections Practices Act, the Real Estate Settlement Procedures Act, the Tennessee Consumer

Protection Act, and the Equal Credit Opportunity Act. In particular, Thomas provided no evidence that Defendants improperly escrowed her property taxes after she failed to timely pay them. Therefore, the trial court properly granted Defendants' motions for summary judgment.

### III.     MOTION TO ALTER OR AMEND

With regard to Thomas's motion to alter or amend, we review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion. *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003) (citing *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998)). Having reviewed the record we find no abuse of discretion in denying Thomas's motion to alter or amend.

### IN CONCLUSION

The judgment of the trial court is affirmed in all respects and this matter is remanded with costs of appeal assessed against the appellant, Betty C. Thomas.

_____
FRANK G. CLEMENT JR., P.J., M.S.