Foster & Webb *v.* Scott County.

FOSTER & WEBB *v.* SCOTT COUNTY.

(*Knoxville.*    November 2, 1901.)

1. ACCOUNT. *From another county.*

In an action upon an account, coming from another State or another county of this State, properly proved in compliance with the statute, its correctness is not in issue unless it is denied under oath.

☐ Code construed: § 5561 (S.); § 4259 (M. & V.); § 3780*a* (T. & S.).

2. SAME. *Same.*

The affidavit to an account coming from another State, or another county of this State, which puts the defendant to denial of same upon his oath, in order to put its correctness at issue, must be made by the plaintiff himself, and not by an agent. (*Post, p. 695.*)

Code construed: § 5561 (S.); § 4259 (M. & V.); § 3780*a* (T. & S.).

Cases cited: Cave *v.* Baskett, 3 Hum., 342; Hunter *v.* Anderson, 1 Heis., 3; Brown *v.* Stabler, 1 Heis., 444; Briggs *v.* Montgomery, 3 Heis., 675; Brien *v.* Peterman, 3 Head, 499.

---

FROM SCOTT.

---

Appeal from Chancery Court of Scott County. H. G. KYLE, Judge.

A. G. EWING and J. F. BAKER, for Foster & Webb.

H. CLAY JAMES & S. E. YOUNG for Scott County.

WILKES, J.    This bill is filed to collect an open account in favor of complainants, against Scott County, for books and stationery supplies.    With the bill is exhibited an account sworn to in Davidson County, where the complainants reside and do business.    This account is sworn to before a Notary Public of that county by J. O. Edwards, who makes the oath as to the correctness of the account as bookkeeper of the firm of Foster & Webb.

The bill itself is sworn to by an attorney for complainant in Scott County.    The oath to the answer is waived.    An unsworn answer is filed, but there is no denial under oath of the justice and correctness of this account.    In this condition of the record, and without any evidence the case was heard on a regular call of the docket, when judgment was rendered for the amount of the account against the county, and it was appealed.

The Court of Chancery Appeals reversed the decree of the Chancellor, and held the complainants not entitled to recover, and they have appealed to this Court and assign errors.

The Court of Chancery Appeals held that the account was substantially and sufficiently proven under the statute, Shannon, § 5561; that the affidavit there provided for need not be made by the firm or any member of it who was complainant, but that it might be made by the bookkeeper of the firm as the party who would be most likely to know of its correctness.

That Court also held that while the correctness of the account should have been denied under oath, either in the answer or otherwise, still if no such denial was made, under oath, and no exception was taken on that account by the complainant, the liability on the account and its correctness would be considered as put at issue and if no proof was introduced by the complainant, he must fail in his suit for want of proof.

We are of opinion the Court of Chancery Appeals is in error. The statute referred to, is in these words: "An account on which action is brought coming from another State or another county of this State with the affidavit of the *plaintiff* to its correctness, and the certificate of a State Commissioner annexed thereto, or the certificate of a Notary Public with his official seal, annexed thereto, or the certificate of a Justice of the Peace with the certificate of the Clerk of the County Court that such justice is an acting justice in his County, is conclusive against the party sought to be charged, unless he shall, on oath, deny the account."

The reason and policy of this Act are said to furnish an easy and ready means of collecting accounts when no real defense exists, unless it shall be denied on oath and the plaintiff thereby notified to make proof. *Cave* v. *Baskett*, 3 Hum., 342; *Hunter* v. *Anderson*, 1 Heis., 3; *Brown* v. *Stabler*, 1 Heis., 444; *Briggs* v. *Montgomery*, 3 Heis., 675.

The Court of Chancery Appeals says: "Of course

the correctness of such knowledge is naturally within the special knowledge of the bookkeeper. If this were a controlling feature we could not assent to it. It is more reasonable to assume that the bookkeeper makes no sales, and is not personally cognizant of the sales made by the partners or their salesmen, and knows only that he is directed by them to make such entries and charges as they report to him. The presumption is rather that he khows nothing personally of the transaction, and his only information of it is such as comes to him upon the statements of other persons. He could only testify, perhaps, to the correctness of his entries as reported by salesmen to him, and not as to the correctness of the items sold. But this, we think, is not material. The statute is plain that the correctness of the account must be sworn to by the plaintiff. It does not say nor imply that the oath may be made by a bookkeeper, or salesman, or agent of any kind.

We would not hold that when the suit is by a firm in which several partners are named as composing the firm, and are joined as plaintiffs in the suit, that the oath must be made by each and every one of them, but it must be made by some one of them who is a plaintiff to the suit and has the requisite information. Such is the rule in case of joint defendants, *Brien* v. *Peterman et als.*, 3 Head, 499.

If the plaintiff cannot, for want of proper information, make the oath himself, then he does not bring himself within the provisions of the Act, and is not

entitled to its benefits, but must prove his account as in other cases. We cannot extend or enlarge the terms of the statute to let in the sworn *ex parte* statement of a third person, no matter what may be his means or the extent of his information, nor how much such a holding may be desirable. The plaintiff can have the benefit of the sworn statement of third persons, only when the case is tried and such third persons are called to testify as witnesses.

The result reached by the Court of Chancery Appeals is correct but on these grounds. The decree of that Court is affirmed, and the complainant's suit is dismissed at their cost, but without prejudice.