IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 21, 2011 Session

## AMERICAN EXPRESS BANK, FSB v. MICHAEL FITZGIBBONS

**Appeal from the Circuit Court for Sevier County**
**No. 2010-0106-IV      O. Duane Slone, Judge**

_____

**No. E2010-02298-COA-R3-CV-FILED-OCTOBER 24, 2011**

_____

American Express Bank, FSB, sued Michael Fitzgibbons on a sworn account for unpaid credit card debt. It later sought summary judgment. Following a hearing, the trial court granted the motion and entered a judgment against Fitzgibbons for $25,766.70 plus attorney's fees and costs. Fitzgibbons appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded.**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Michael Fitzgibbons, Sevierville, Tennessee, appellant, pro se.

Michelle S. Moghadom, Brentwood, Tennessee, for the appellee, American Express Bank, FSB.

**OPINION**

I.

In February 2010, American Express filed a complaint on a sworn account in which it alleged that Fitzgibbons had defaulted on payments owed on a credit card account that had been opened for him. The complaint alleged that Fitzgibbons refused to pay the balance of the debt owed, *i.e.*, $25,766.70, despite demands for payment. In a supporting affidavit, an employee of American Express stated that the company had extended credit to Fitzgibbons on an open, unsecured business account ending in number 1008 and that, pursuant to his cardholder agreement, Fitzgibbons had agreed to repay the debt owed together with interest

and any additional, applicable charges. According to American Express, Fitzgibbons had not made a payment since May 2009.

On April 23, 2010, Fitzgibbons, proceeding pro se, filed an *unsigned* answer in which he denied the substance of the allegations of the complaint. He asserted, without his signature and, obviously, without an oath, that the complaint failed to name as a defendant the real party in interest and that he had never entered into any contract or credit agreement with American Express. He sought dismissal of the complaint.

On April 28, 2010, American Express filed a request for admissions. In part, Fitzgibbons was asked to admit that he had applied for and obtained the subject credit card account and that he was indebted to American Express for $25,766.70. Fitzgibbons failed to file any type of response to this request.

On September 7, 2010, American Express filed a motion for summary judgment. The motion was supported by documents including a statement of undisputed facts, the affidavit of its custodian of records, monthly billing statements and the cardholder agreement for the subject account. Again, Fitzgibbons failed to properly respond to the motion.

The trial court considered the motion on October 8, 2010. At the conclusion of the hearing, the court granted American Express summary judgment and decreed an award against Fitzgibbons for the requested amount.

Fitzgibbons timely filed a notice of appeal.

II.

Fitzgibbons presents several issues that we consolidate and restate as follows:

> Did the trial court err in granting summary judgment to American Express based on its finding that the debt sought was indisputably owed by Fitzgibbons to American Express?

III.

The purpose of summary judgment is to resolve controlling issues of law rather than to find facts or resolve disputed issues of fact. ***Bellamy v. Fed. Express Corp***., 749 S.W.2d 31, 33 (Tenn. 1988). Summary judgment is appropriate only when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; ***Penley v. Honda Motor Co.***, 31 S.W.3d 181,

183 (Tenn. 2000); ***Byrd v. Hall***, 847 S.W.2d 208, 210 (Tenn. 1993). In reviewing the record, "courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor." ***Staples v. CBL & Assocs., Inc.,*** 15 S.W.3d 83, 89 (Tenn. 2000). "If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate." ***Seavers v. Methodist Med. Ctr. of Oak Ridge***, 9 S.W.3d 86, 91 (Tenn. 1999). Because this inquiry involves a pure question of law, the standard of review is de novo with no presumption of correctness attaching to the trial court's legal conclusion. *See* ***Mooney v. Sneed***, 30 S.W.3d 304, 306 (Tenn. 2000); ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

IV.

A.

Fitzgibbons asserts that the trial court erred in holding him liable for a debt that, according to him, does not belong to him. He summarizes his position as follows:

> [American Express] in this case [is] seeking to collect a debt that is owing by a current, legal, existing corporation. [American Express] is attempting to make Mr. Fitzgibbons individually and personally liable for the debt of another entity. The [trial court] erred in [entering] judgment against Mr. Fitzgibbons by overlooking the fact that the debt is of a legal corporation.

In granting summary judgment, the trial court found that "there is no genuine issue of material fact for trial as to the indebtedness owing from [Fitzgibbons] to [American Express]; and that [American Express] is entitled to judgment as a matter of law. . . ."

Fitzgibbons asserts, without further elaboration, that the account, and thus, the outstanding debt, belongs to a business called "Cheetah Graphics, Inc." He acknowledges that the business defaulted on its obligation to American Express, but contends that he was "merely an authorized user on behalf of Cheetah Graphics, Inc. of the corporate credit card,"[1] and is not legally responsible for the debt.

---

[1] The record does not indicate the precise relationship between Fitzgibbons and the company other than to reflect that monthly credit card billing statements and payment coupons were sent to "M.P. Fitzgibbons" and "Cheetah Graphics, Inc.," at the same Sevierville address. Further, Fitzgibbons, at oral argument before this Court, displayed a credit card from American Express imprinted with both the names of Fitzgibbons and Cheetah Graphics, Inc.

In response, American Express asserts that summary judgment was properly granted. More specifically, American Express submits that the pleadings and sworn affidavit of its authorized representative and numerous procedural errors by Fitzgibbons necessarily leads to the conclusion that there is no dispute of material fact existing for trial and that the company is entitled to summary judgment as a matter of law. We examine these assertions below, mindful that on appeal "we must freshly determine whether the requirements of Tenn. R. Civ. P. 56 have been met." *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997)(citing *Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn. App. 1993)).

B.

As we have noted, American Express initiated this action by filing suit on a sworn account. Tenn. Code Ann. § 24-5-107 (2000) governs such actions. It provides, in relevant part, as follows:

> An account on which action is brought, coming from another state or another county of this state, or from the county where suit is brought, with the affidavit of the plaintiff or its agent to its correctness, . . . and . . . the certificate of a notary public with such notary public's official seal annexed thereto, . . . is conclusive against the party sought to be charged, unless that party on oath denies the account.

"The reason and policy of this act are said to be to furnish an easy and ready means of collecting accounts when no real defense exists, unless it shall be denied on oath, and the plaintiff thereby notified to make proof." *Funk v. Target Nat'l Bank/Target Visa*, No. E2006-02010-COA-R3-CV, 2007 WL 1555843, at *2 (Tenn. Ct. App. E.S., filed May 30, 2007) (citing *Foster v. Scott County*, 107 Tenn. 693, 65 S.W. 22, 23 (Tenn. 1901) (discussing a predecessor statute to Section 24-5-107)).

Attached to the complaint in the present case is an affidavit of sworn account by Jennifer Hartje, custodian of records for American Express, certifying the accuracy of the accounting of the debt owed by Fitzgibbons. Contrary to the express provisions of the statute *requiring a denial of the charges under oath*, Fitzgibbons filed only an unsworn, unsigned answer generally denying the allegations of the complaint – in effect, under the statute, no denial at all. Pursuant to the statute, American Express is not required to bring forth further proof of its claim; the properly authenticated and sworn account, without a *proper* response from Fitzgibbons, is conclusive against him. In other words, "[t]he statute is quite clear that in the absence of a sworn denial the plaintiff is entitled to judgment on the sworn account."

*State ex rel. Finkelstein, Kern, Steinberg, and Cunningham v. Donald*, No. 02A01-9807-CH-00203, 1999 WL 236407 at *4 (Tenn. Ct. App. M.S., filed Apr. 22, 1999).

On April 28, 2010, American Express further pursued its case against Fitzgibbons by filing requests for admissions. In short, they sought admissions by Fitzgibbons to the effect that he applied for, obtained, and used the credit card issued by American Express; that he had ceased making payments; was in default; and was indebted to American Express in the amount sought. Tenn. R Civ. P. 36 governs requests for admissions. In relevant part, the Rule provides:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters . . . that relate to (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents.
>
> Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney*, . . . .

(Emphasis added.) Regarding admission requests under Rule 36, this court has observed:

> The purpose of admissions is to limit and narrow the issues, thereby reducing trial time. *Tennessee Dept. of Human Services v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986). *No proof is needed to establish a fact that has been admitted, and no evidence should be allowed to refute the admission*. *Id*. at 267. "Unanswered requests for admission are deemed admitted and the matter requested is conclusively established for the purposes of the pending case. . . . [A] Rule 36 admission, unless it is allowed to be withdrawn or amended, concludes the matter and avoids any need for proof at trial." *Id*. at 266.

(Emphasis added.) *Hutcheson v. Irving Materials, Inc*., No. M2002-03064-COA-R3-CV, 2004 WL 419722 at *3 (Tenn. Ct. App. M.S., filed Mar. 8, 2004).

In the present case, Fitzgibbons *never* answered the request to admit. Instead, some six months later, he submitted his own request for admissions and for production of documents. Under Rule 36, as a consequence of his failure to answer, each of the requested admissions is deemed admitted. Most significantly, Fitzgibbons has thereby admitted that he is indebted to American Express for the amount sought.

In September 2010, American Express moved for summary judgment. Summary judgment is properly granted "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Tenn. R. Civ. P. 56.04. In the face of a properly supported motion from the moving party, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993)).

"In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. In the present case, American Express filed a statement of undisputed facts containing the same essential facts established by the failure of Fitzgibbons to file a sworn answer to the complaint and his failure to answer American Express's requests for admissions: to wit, that (1) Fitzgibbons was issued a credit card by which American Express extended him credit to purchase goods and services; (2) Fitzgibbons' use of the card was based on his assent to the terms and conditions of the cardholder agreement; (3) Fitzgibbons did use the credit card; (4) American Express provided Fitzgibbons with monthly statements detailing the charges Fitzgibbons made and requesting payment in accordance with the cardholder agreement; (5) Fitzgibbons initially made payments in compliance with the cardholder agreement; (6) Fitzgibbons failed to make timely payments on the account and is currently in default, leaving an unpaid principal balance of $25,766.70; and (7) Fitzgibbons failed to dispute any of the monthly billing statements before American Express initiated the present action to collect the remaining unpaid charges.

Rule 56 requires that a party opposing a motion for summary judgment "must . . . serve and file a response to each fact set forth by the movant . . . . Each disputed fact must be supported by specific citation to the record." Tenn. R. Civ. P. 56.03. "An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Tenn. R. Civ. P. 56.06.

Here, Fitzgibbons failed to respond to American Express's statement of undisputed material facts. "The material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." **Holland v. Memphis**, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003)(*perm. app. denied*). "Accordingly, failure to file a response in opposition to a motion for summary judgment generally will prove fatal in the trial court and upon appeal." **Id**. Predictably, this is precisely the result in the present case.

C.

In light of the defendant's pro se status, we have painstakingly set out the procedural history of the present case, with a particular focus on the procedural missteps, at every turn, by Fitzgibbons. We have done so in an effort to show how and why Fitzgibbons' failure to proceed in accordance with the applicable statute and rules governing this case led to the judgment against him. As we have discussed, American Express established the debt owed by Fitzgibbons through the pleadings, the billing statements and sworn affidavit of its custodian of records submitted in support of its summary judgment motion, and admissions on file. By failing to properly respond, Fitzgibbons failed to refute the evidence relied upon by American Express and was unable to show that a dispute existed as to any material issue of fact. Accordingly, American Express is entitled to judgment as a matter of law.

Recently, in a factually similar case, we observed:

> While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." *Pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere*.

(Emphasis added.) **Phoenix Credit v. Akers**, No. M2010-01297-COA-R3-CV, 2011 WL856919 at *2 (Tenn. Ct. App., M.S. filed Mar. 10, 2011) (internal citations omitted).

Based on the foregoing, American Express met its burden of showing that "there is no genuine issue as to any material fact and [it] is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. Accordingly, the trial court did not err in granting summary judgment to American Express and awarding judgment against Fitzgibbons for the amount established by the sworn account.

V.

The judgment of the trial court is affirmed. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed below. Costs on appeal are taxed to the appellant, Michael Fitzgibbons.

_____
CHARLES D. SUSANO, JR., JUDGE