IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2019 Session

## DR. VICTOR W. McLAUGHLIN, M.D. v. ELIZABETH KING McLAUGHLIN A/K/A REV. ELIZABETH KING

**Appeal from the Chancery Court for Anderson County**
**No. 16CH7875     M. Nichole Cantrell, Chancellor**

_____

**No. E2018-01319-COA-R3-CV**

_____

The plaintiff filed this action on a sworn account, seeking to recover $20,451.00 that he had allegedly loaned in several money transfers to the defendant, plus prejudgment interest and costs. In her answer to the complaint, the defendant denied all substantive allegations but failed to raise any affirmative defenses. At trial, the defendant stipulated to having received the money transfers. However, she requested that the court allow her to orally swear under oath that the transfers did not constitute a valid debt. The trial court found that the defendant was attempting to assert an affirmative defense that the transfers constituted gifts rather than loans and that she had waived such a defense pursuant to Tennessee Rule of Civil Procedure 8.03 by failing to raise it in her responsive pleading. The trial court entered a judgment in favor of the plaintiff in the total amount of $33,942.69, including prejudgment interest. The defendant filed a motion to alter or amend, requesting that the judgment be vacated on the ground that under Tennessee Code Annotated § 24-5-107 (2017), she should have been allowed to raise any defense orally at trial. Following a hearing, the trial court found that because the defendant had elected to file a responsive pleading, she was required to raise the affirmative defense in the pleading. The trial court thereby declined to vacate the judgment. The defendant has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Sal W. Varsalona and Elizabeth M. Burrell, Clinton, Tennessee, for the appellant, Elizabeth King McLaughlin a/k/a Rev. Elizabeth King.

Joseph J. Levitt, Jr., Knoxville, Tennessee, for the appellee, Dr. Victor W. McLaughlin, M.D.

**OPINION**

I.  Factual and Procedural Background

The plaintiff, Victor W. McLaughlin, M.D. ("Dr. McLaughlin"), is the former father-in-law of the defendant, Elizabeth King McLaughlin a/k/a Rev. Elizabeth King ("Ms. King").[1]  On March 11, 2016, Dr. McLaughlin filed a complaint in the Anderson County Chancery Court ("trial court"), averring that during a time period spanning June 8, 2010, through July 31, 2012, Ms. King had received twenty-seven loans from him in the total principal amount of $20,451.00.  He requested a judgment in the total amount of $31,085.15, including the principal and accrued interest, plus ten-percent prejudgment interest and discretionary costs.  Dr. McLaughlin attached to his complaint a "Sworn Account," executed by him and stating that the amount requested was "justly due and owing" to him by Ms. King.  On April 25, 2016, Ms. King filed an answer, denying all substantive allegations but asserting no affirmative defense.  Ms. King's answer was signed by her attorney on her behalf.  The answer was not signed by Ms. King personally, and no affidavit was attached.

The trial court conducted a hearing on July 25, 2017.  No transcript or statement of the evidence for this hearing is in the appellate record.  However, the record does contain an exhibit presented during the hearing by Dr. McLaughlin and stipulated to by Ms. King ("Stipulated Exhibit").  The Stipulated Exhibit, titled, "Plaintiff's loans to Defendant with simple interest at 10% per annum," reflects that Ms. King acknowledged receiving twenty-seven money transfers from Dr. McLaughlin's bank account to her bank account between the dates of June 8, 2010, and July 31, 2012.  Each transfer is listed under a column labeled, "Loan," and the Stipulated Exhibit concludes with the following:

| | |
|---|---|
| Total Principal | $20,451.00 |
| Total Accrued Interest | 13,491.69 |
| Total Owed | $33,942.69 |

On August 18, 2017, the trial court entered a "Final Judgment," granting to Dr. McLaughlin a money judgment in the amount of $33,942.69 and assessing costs against

---

[1] In an affidavit filed with her motion to alter or amend, the appellant confirmed that "Elizabeth King is one in the same person as Elizabeth King McLaughlin and Rev. Elizabeth King."  Because the appellant has referred to herself throughout her appellate brief as "Ms. King," rather than "Rev. King," we will refer to her as "Ms. King" throughout this opinion for ease of reference and consistency.  No disrespect is intended.

Ms. King. Noting that it had considered the pleadings, the Stipulated Exhibit, the arguments of counsel, and the record as a whole, the trial court specifically found:

a) That from time to time between June 8, 2010 and July 31, 2012, [Ms. King] did receive bank transfers from [Dr. McLaughlin] totaling $2[0],451.00.[2]

b) That [Dr. McLaughlin] contends that each of these transfers was a loan to [Ms. King].

c) That [Ms. King] denies owing [Dr. McLaughlin] any money.

d) That there is case law presumption that such transfers are a loan and not a gift.

e) That under that case law presumption the burden of proof shifts to [Ms. King] to prove the affirmative defense that such transfers were a gift and not a loan.

f) Tennessee Rules of Civil Procedure, Rule 8.03 states that affirmative defenses shall be pled in responsive pleadings.

g) That [Ms. King's] pleadings in this case do not raise any affirmative defense.

h) That because [Ms. King] has failed to plead any affirmative defense she may not seek to prove an affirmative defense at trial. Any such defense is waived.

i) That [Dr. McLaughlin] is entitled to recover $20,451.00 in principal loans to [Ms. King] and interest in the amount of $13,491.69, for a total of $33,942.69.

Ms. King filed a "Motion to Alter or Amend/Reconsider," pursuant to Tennessee Rule of Civil Procedure 59.04, on September 7, 2017, requesting that the trial court vacate the final judgment and reset for trial. Ms. King stated in her motion that during the July 25, 2017 hearing, her counsel had informed the trial court that Ms. King "was prepared to orally deny the Complaint on Sworn Account and proceed with the trial." As noted in the trial court's order, the court denied Ms. King's counsel's request and took

---

[2] The trial court in this order inadvertently listed the principal amount as $21,451.00 in paragraph (a) but correctly stated it as $20,451.00 in paragraph (i).

the matter under advisement, ultimately concluding that Ms. King was required to raise an affirmative defense in her pleadings pursuant to Tennessee Rule of Civil Procedure 8.03. In her motion to alter or amend, Ms. King requested that she "be allowed to orally deny the Complaint on Sworn Account, as dictated in T.C.A. § 24-5-107, and proceed with the evidentiary trial," or, alternatively, that she "be allowed to present evidence in support" of her position. Dr. McLaughlin filed a response objecting to the motion to alter or amend.

Following a hearing, the trial court entered an order on November 9, 2017, denying Ms. King's request to vacate the judgment. However, the trial court, *sua sponte* upon consideration of the record, amended the previous order by vacating the award of interest. The court found that "there was no evidence offered by [Dr. McLaughlin] at the time of the trial that would provide proof that [Dr. McLaughlin] was entitled to interest on the princip[al] of $20,451.00." In this order, the trial court directed the parties to "appear before this Court to offer proof and argument regarding the interest amount owed, if any" upon the principal awarded to Dr. McLaughlin.

In denying Ms. King's request to vacate the award of principal, the trial court specifically found:

> Upon the calling of the case and the beginning of the trial, the parties entered into a [Stipulated Exhibit]. The stipulation was that [Ms. King] acknowledges that she received from [Dr. McLaughlin] numerous amounts of money via check totaling the amount of $20,451.00. Upon the stipulation being made [Dr. McLaughlin] moved for a Judgment on the Pleadings.

> * * *

> [Dr. McLaughlin] argued that [Ms. King] availed [herself] of the option to enter an Answer to the Complaint instead of relying on the statu[te] T.C.A. § 24-5-107(b) which would allow [Ms. King] to appear and orally deny the account under oath and that T.R.C.P. [8.03] applies and any affirmative defenses should have been raised in said Answer.

> In [Ms. King's] trial brief [Ms. King] relies heavily on the case of *Clark Power Services Inc. v. [Mitchell]*, Tenn. [Ct.] App. E[2007]-01489-00A-R3[-]CV, May 27, 2008, an unreported case out of the Court of Appeals from May 27, 2008. This present matter is distinguishable from the referenced case in that in this matter [Ms. King] filed a responsive pleading, the Answer that is referred to above. In the <u>Clark</u> matter the

4

Respondent had not filed an answer and appeared at a Motion for Default wherein the Court applied the default Judgment procedure pursuant to T.R.C.P. 55.01 rather than the mandatory procedure for suit on a sworn account provided in T.C.A. 24-5-107. Finding that the present case before this Court is distinguishable from *Clark Power Services Inc. . . .* the Court concludes that the judgment on the pleadings issued by this Court following the stipulation entered by the parties and [Ms. King's] failure to plead affirmative defenses in the Answer stands as it relates to [Dr. McLaughlin] being entitled to recover the $20,451.00 and princip[al] owed to [Dr. McLaughlin].

Ms. King filed a notice of appeal on December 8, 2017. The appeal was subsequently dismissed by order of this Court for lack of compliance with Tennessee Rule of Appellate Procedure 24(d) because no transcript, statement of the evidence, or notice informing the Court that neither would be submitted had been filed. On remand following the dismissal of the appeal, the trial court conducted an evidentiary hearing on July 2, 2018, upon the court's previous request that the parties present additional evidence concerning Dr. McLaughlin's claim for prejudgment interest.

On July 9, 2018, the trial court entered an order, reinstating the initial award to Dr. McLaughlin of $13,491.69 in prejudgment interest, for a total money judgment in the amount of $33,942.69. The trial court specifically found that Dr. McLaughlin "had a loss of use of the funds loaned and is entitled to pre-judgment interest" and that "the award of pre-judgment interest is fair and equitable." Ms. King timely appealed from the July 9, 2018 judgment, also filing a transcript of the July 2, 2018 hearing.

## II. Issue Presented

Ms. King raises one issue on appeal, which we have restated as follows:

Whether the trial court erred by failing to follow the procedure set forth in Tennessee Code Annotated § 24-5-107 for an action brought upon a sworn account when the court found that Ms. King had waived any affirmative defenses by failing to raise them in her responsive pleading.

## III. Standard of Review

Our review of the trial court's judgment following a non-jury proceeding is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the

5

evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). We review the trial court's conclusions of law *de novo* with no presumption of correctness. *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

In awarding the principal amount sought of $20,451.00, the trial court granted Dr. McLaughlin's motion for judgment on the pleadings and subsequently denied Ms. King's motion to alter or amend insofar as she requested complete vacation of the judgment. A motion for judgment on the pleadings may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." Tenn. R. Civ. P. 12.03. As our Supreme Court has explained:

> In reviewing a trial court's ruling on a motion for judgment on the pleadings, we must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion. *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). In addition, "[c]onclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id.*

*Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004). "We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). *See In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005) ("[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.") (internal citations omitted).

Statutory interpretation is a question of law, which we review *de novo* with no presumption of correctness. *See In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). Our Supreme Court has summarized the principles involved in statutory construction as follows:

When dealing with statutory interpretation, well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*Id.* at 613-14.


## IV. Timeliness of Appeal


As a threshold matter, we note that Dr. McLaughlin asserts in his appellate brief that Ms. King has appealed the July 9, 2018 order reinstating the interest award but has "abandoned" the appeal of that order, apparently because the issue raised here by Ms. King concerns the trial court's November 9, 2017 order denying her motion to alter or amend from which she filed her first notice of appeal on December 8, 2017. Dr. McLaughlin thereby implies that Ms. King can now appeal solely the trial court's order entered upon remand after dismissal of the previous notice of appeal she had filed. Under the unique procedural situation in this case, we disagree.

Although this Court's dismissal of the first appeal filed by Ms. King was due to her failure to file a transcript, statement of the evidence, or notice that neither would be filed, pursuant to Tennessee Rule of Appellate Procedure 24(d), the record indicates that

when Ms. King filed her first notice of appeal, the trial court had not yet entered a final judgment. In its November 9, 2017 order, the trial court directed the parties to "appear before this Court to offer proof and argument regarding the interest amount owed, if any" upon the principal awarded to Dr. McLaughlin. Ms. King filed her notice of appeal of the November 9, 2017 order before the trial court had an opportunity to conduct such an evidentiary hearing.

An order that does not adjudicate all the claims between all the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a); *see also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). We therefore determine that we lacked subject matter jurisdiction in this case when Ms. King filed her initial notice of appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Accordingly, we now treat this appeal as prompted by a timely filed notice of appeal of the trial court's entire judgment in this matter. *See* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

## V. Timeliness of Affirmative Defense

Ms. King contends that the trial court erred by finding that she had waived any affirmative defenses by failing to raise them in her responsive pleading. Ms. King argues that under the plain language of Tennessee Code Annotated § 24-5-107, the trial court should have allowed her to orally present any defense, whether affirmative or non-affirmative, at the time of trial as part of a sworn denial of the complaint. Dr. McLaughlin contends that the trial court properly found that Ms. King had effectively waived any affirmative defenses, including a defense that the money transfers were gifts rather than loans. Upon our thorough review of the record and applicable authorities, we agree with Dr. McLaughlin on this issue.

Regarding actions on sworn accounts, Tennessee Code Annotated § 24-5-107 provides:

(a) An account on which action is brought, coming from another state or another county of this state, or from the county where suit is brought, with the affidavit of the plaintiff or its agent to its correctness, and the certificate of a state commissioner annexed

8

thereto, or the certificate of a notary public with such notary public's official seal annexed thereto, or the certificate of a judge of the court of general sessions, with the certificate of the county clerk that such judge is an acting judge within the county, is conclusive against the party sought to be charged, unless that party on oath denies the account or except as allowed under subsection (b).

(b)     The court shall allow the defendant orally to deny the account under oath and assert any defense or objection the defendant may have. Upon such denial, on the plaintiff's motion, or in the interest of justice, the judge shall continue the action to a date certain for trial.

As this Court has explained:

"The reason and policy of this act are said to be to furnish an easy and ready means of collecting accounts when no real defense exists, unless it shall be denied on oath, and the plaintiff thereby notified to make proof." *Funk v. Target Nat'l Bank/Target Visa*, No. E2006-02010-COA-R3-CV, 2007 WL 1555843, at *2 (Tenn. Ct. App. E.S., filed May 30, 2007) (citing *Foster v. Scott County*, 107 Tenn. 693, 65 S.W. 22, 23 (Tenn. 1901) (discussing a predecessor statute to Section 24-5-107)).

*Am. Express Bank, FSB v. Fitzgibbons*, 362 S.W.3d 93, 96-97 (Tenn. Ct. App. 2011).

In the case at bar, Ms. King filed an unsworn answer to the complaint in which she asserted a general denial of all substantive allegations but raised no affirmative defenses. Her responsive pleading stated that she was acting "by and through counsel," and it was signed by her attorney but not by her. No affidavit or unsworn declaration meeting the requirements of Tennessee Rule of Civil Procedure 72 was attached to the answer. Ms. King acknowledges that she subsequently responded to Dr. McLaughlin's requests for admissions. This discovery document is not in the record before us but was apparently before the trial court during the July 2017 hearing, as noted in the August 2017 judgment stating that the court had considered Ms. King's "Responses to Plaintiff's Requests for Admission." On appeal, Dr. McLaughlin notes that Ms. King's responses to the requests for admissions formed the basis of the Stipulated Exhibit, which is in the appellate record. Ms. King asserts on appeal that in her responses to the admissions requests, she "did admit receiving the amounts from [Dr. McLaughlin], but denied she owed [Dr. McLaughlin] for the alleged 'loans.'" Ms. King does not dispute that she agreed to the Stipulated Exhibit despite its labeling of the money transfers as "loans." Nonetheless, the record indicates that at the point of the July 2017 hearing, Ms. King had not sworn to her

denial of the validity of the debt but had only stated it in her answer and purportedly in her responses to Dr. McLaughlin's requests for admissions.

Ms. King thereby asserts that because she had not entered a <u>sworn</u> denial of the debt prior to the July 2017 hearing, the trial court should have allowed her to do so orally on the day of trial pursuant to Tennessee Code Annotated § 24-5-107. We note that we are unable to review exactly what occurred during the July 2017 hearing because Ms. King has not provided a transcript or statement of the evidence for that proceeding in the appellate record. *See* Tenn. R. App. P. 24(b)-(c) (setting forth the appellant's responsibility to provide a transcript or statement of the evidence); *Lallemand v. Smith*, 667 S.W.2d 85, 88 (Tenn. Ct. App. 1983) ("[I]n the absence of a transcript of the evidence, it is well settled that the 'findings of fact made by the trial court are supported by the evidence heard in that court and must be accepted as true by the appellate court.'" (quoting *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979))). However, it is clear from the trial court's August 2017 order that the court had accepted Ms. King's responsive pleading as a denial of the debt, albeit not a sworn denial. In this order, the trial court stated as part of its findings of fact that Ms. King "denies owing [Dr. McLaughlin] any money."

In her motion to alter or amend the judgment, Ms. King averred that the trial court had denied her counsel's request "to proceed with the trial, where [Ms. King] was prepared to orally deny the validity of the sworn account under oath and offer evidence of non-affirmative defenses to the complaint on sworn account." Ms. King attached to her motion, *inter alia*, an "Affidavit of Elizabeth King," which she had executed before a notary on August 30, 2017. In her affidavit, Ms. King stated that she, "on the day the matter was set for a trial, July 25, 2017, was prepared to be sworn under oath and orally deny the validity of the Complaint on the 'Sworn Account,' referenced above." Ms. King in her affidavit did not offer any detail as to the theory upon which she would deny the validity of the loan after having already stipulated to the money transfers in the Stipulated Exhibit. We therefore determine that in its August 2017 judgment, the trial court had recognized Ms. King's denial of the validity of the debt, although the court had deemed any affirmative defenses waived.

The trial court, in its order denying the motion to alter or amend, described in greater detail what had occurred during the July 2017 hearing. The court stated that it had granted Dr. McLaughlin's motion for judgment on the pleadings upon consideration of the following argument:

> [Dr. McLaughlin's] argument was that once the stipulation was entered by the parties, wherein [Ms. King] admitting to hav[ing] received the amounts from [Dr. McLaughlin] via check, that a presumption arose

that the payments received are assumed to be loans and not gifts. [S]ee *Gillia v. [Gillia]* [No. 02A01-9411-PB-00250,] 1995 WL 702790[, at] \*2 [(Tenn. Ct. App. Nov. 28, 1995)]. After the presumption was raised by the entrance of the [Stipulated Exhibit], the burden shifts to [Ms. King] to offer any proof that the payments received were gifts and not loans. Any assertion by [Ms. King] that the payments were gifts and not loans is an affirmative defense under T.R.C.P. [8.03]. That having failed to state or plea any affirmative defenses in the answer that was filed by [Ms. King] in this action on April 25, 2016, [Ms. King] waived the affirmative defense.

Therefore, the Court issued an Order of Judgment on the pleadings finding that there was the presumption that the amounts received were loans and not gifts that [Ms. King] failed to plead the affirmative defense, and that having failed to plead the affirmative defense under T.R.C.P. [8.03] said affirmative defense was waived and [Dr. McLaughlin] was entitled to Judgment on the Pleadings.

In the memorandum of law filed in support of her motion to alter or amend, Ms. King stated that she "was prepared to offer testimony to support her contention she did not owe the alleged debt," a contention that she maintained would constitute a "non-affirmative defense." She also stated that she "was prepared to offer testimony to support her contention there was never a contract between the parties," which she also maintained was not an affirmative defense. *But see In re Conservatorship of Hurline v. Hutchins*, 978 S.W.2d 938, 941 (Tenn. Ct. App. 1997) (noting as an "affirmative defense" the defendant's assertion in an answer to the complaint that "no contract existed between the parties" as to the services at issue); *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 928 (Tenn. Ct. App. 1984) (noting as an "affirmative defense" the defendant's assertion that "no oral contract was ever made"). Despite Ms. King's protestations, it is difficult to imagine how, once the Stipulated Exhibit had been presented, her contentions could amount to any defense other than that the money transfers she received were gifts rather than loans.

Regarding "whether a check delivered constitutes a loan or a gift," this Court has explained:

The general rule is that the burden of proof rests on him who affirms, not on him who denies, and this burden never shifts.

However, when there exists a presumption that arises from a particular fact, the presumption may serve to establish plaintiff's *prima facie* case, thereby forcing a defendant to answer the *prima facie* case.

11

Tennessee law has established that a presumption arises from the delivery of a check. That presumption is that the delivery of a check indicates that the check is intended as a loan, and not as a gift.

* * *

Because the law presumes the delivery of a check is a loan and not a gift, [proof of delivery] successfully ma[kes] out a *prima facie* case of a loan.

This presumption cause[s] the weight of the evidence to shift. . . . [A] claim that the loan was a gift is an affirmative defense. Thus, [the party asserting the defense] ha[s] the burden of proving the essentials of an *inter vivos* gift, which are (1) an intention of the donor to give and (2) delivery of the subject of the gift. The burden is upon the donee to clearly prove both of these elements and any doubts should be resolved against the finding of a gift.

*Floyd v. Akins*, 553 S.W.3d 469, 480-81 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Mar. 15, 2018) (quoting *Gillia v. Gillia*, No. 02A01-9411-PB-00250, 1995 WL 702790, at *2 (Tenn. Ct. App. Nov. 28, 1995) (internal citations from *Gillia* omitted in *Floyd*). Although in this case, the money transfers at issue were from Dr. McLaughlin's bank account to Ms. King's bank account, rather than via paper checks, we determine that the effect of the presumption is the same. *See, e.g.*, *Floyd*, 553 S.W.3d at 483 (analyzing transfers from a joint bank account, shared by the defendant and the decedent, to the plaintiff's bank account in the same manner as checks that had been written from the joint bank account to the plaintiff).

We agree with the trial court's finding that Ms. King's claim that the money transfers did not constitute loans is a "matter constituting an affirmative defense" under Tennessee Rule of Civil Procedure 8.03. *See Floyd*, 553 S.W.3d at 480 ("[A] claim that the loan was a gift is an affirmative defense." (quoting *Gillia v. Gillia*, No. 02A01-9411-PB-00250, 1995 WL 702790, at *2 (Tenn. Ct. App. Nov. 28, 1995))). Regarding affirmative defenses, Rule 8.03 provides:

In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, express assumption of risk, comparative fault (including the identity or description of any other alleged tortfeasors), discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds,

statute of limitations, statute of repose, waiver, workers' compensation immunity, and <u>any other matter constituting an affirmative defense</u>. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation.

(Emphasis added.) "Failure to ple[a]d an affirmative defense generally results in a waiver of the defense." *ADT Sec. Servs., Inc. v. Johnson*, 329 S.W.3d 769, 778 (Tenn. Ct. App. 2009); *but see* Tenn. R. Civ. P. 15.02 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

On appeal, Ms. King argues that under the sworn account statute, she should have been allowed to assert any defense, whether affirmative or not, at trial because she had not yet sworn to her denial of the account. In support of her argument, Ms. King has relied heavily at trial and on appeal on this Court's decision in *Clark Power Servs., Inc. v. Mitchell*, No. E2007-01489-COA-R3-CV, 2008 WL 2200047, at *3 (Tenn. Ct. App. May 27, 2008). In *Clark*, this Court set aside a default judgment in favor of the plaintiff company, which had filed the complaint on a sworn account against two defendants, who had allegedly stopped payment on a check for repair services. *Clark*, 2008 WL 2200047, at *1. The defendants did not file a responsive pleading. *Id.* Upon the plaintiff's Tennessee Rule of Civil Procedure 55.01 motion for default judgment, the trial court conducted a hearing during which one of the defendants appeared but was not sworn. *Id.* Based solely on the complaint and the plaintiff's affidavit, the trial court granted default judgment to the plaintiff against both defendants for the cost of the repairs. *Id.* On appeal, this Court concluded that the trial court had erred by following the procedure for a default judgment in lieu of the statutory procedure for a sworn account set forth in Tennessee Code Annotated § 24-5-107. *Clark*, 2008 WL 2200047, at *4 ("The default judgment procedure set forth in Tennessee Rule of Civil Procedure 55.01 cannot be used to shortcut a suit on a sworn account and prevent a defendant from appearing before the court and orally denying the account under oath pursuant to Tenn. Code Ann. § 24-5-107(b).").

Ms. King particularly relies on the *Clark* Court's summary of the statutory procedure for sworn accounts, providing in pertinent part:

Pursuant to the statute, a plaintiff can obtain judgment in a suit on a sworn account without the necessity of calling any witnesses unless the defendant files a sworn denial of the account <u>or</u> appears at the hearing and orally denies the account under oath. Tenn. Code Ann. § 24-5-107(a). In the event the defendant appears at the hearing and makes the necessary

13

denial under oath, the plaintiff cannot stand on the sworn account and must prove his or her case. *Cave v. Baskett*, 22 Tenn. (3 Hum.) 340, 343 (Tenn. 1842) (stating "[a] denial on oath will do away all the force of the plaintiff's affidavit."); *see also Brien v. Peterman*, 40 Tenn. (3 Head) 498, 499 (Tenn. 1859). To prevent the plaintiff from being ambushed by the surprise appearance of the defendant at trial, the trial court is required to continue the case, upon motion of the plaintiff, until a date certain. Tenn. Code Ann. § 24-5-107(b). The trial court also has the right to continue the case in the interest of justice. *Id.*

*Id.* at *3 (emphasis added).

Ms. King argues that the statutory scheme for sworn accounts presents a unique instance because "no other cause of action allows a litigant to wait until an evidentiary hearing to raise defenses and objections, which is expressly allowed under this statute." We disagree with Ms. King's interpretation and find her interpretation of the conjunction, "or," in the statute to be overly broad. Pursuant to Tennessee Code Annotated § 24-5-107, a defendant may file a sworn denial of the account <u>or</u> may appear at the hearing and orally deny the account under oath. *See Clark*, 2008 WL 2200047, at *3. The statute provides in subsection (a) that the plaintiff's sworn account "is conclusive against the party sought to be charged, unless that party on oath denies the account <u>or</u> except as allowed under subsection (b)." Tenn. Code Ann. § 24-5-107 (emphasis added). Therefore, the proceeding set forth in subsection (b) allowing for an oral denial of the account under oath "and assert[ing] any defense or objection" does not come into play unless the defendant has not filed a sworn denial. *Id.*; *see In re Estate of Tanner*, 295 S.W.3d at 614 ("When a statute is clear, we apply the plain meaning without complicating the task." (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004))).

The issue in this action then narrows to whether the fact that Ms. King did not swear to her responsive pleading, filed by her attorney on her behalf, means that she had not yet denied the account, indicating effectively, as Ms. King argues, that Rule 8.03 would not apply to preclude her from raising an affirmative defense orally at trial. The parties have not presented and our research has not revealed a Tennessee case directly on point with this issue. However, a comparison of four cases involving the sworn account statute is illuminating. We will address each in turn.

First, we find Ms. King's reliance on *Clark* to be unavailing because the factual and procedural situation in *Clark* is highly distinguishable from this case. Unlike Ms. King, the *Clark* defendants filed no responsive pleading. *See Clark*, 2008 WL 2200047, at *1. There is also no indication in *Clark* that the defendants were served with or

14

responded to any request for admissions such as the request that resulted in Ms. King's responses and ultimately the Stipulated Exhibit. *See id.* In addition, as the trial court noted in its order denying Ms. King's motion to alter or amend, the hearing in *Clark* was conducted upon the plaintiff's motion for default judgment, filed with the assertion that the defendants had failed entirely to respond to the complaint. *Id.* In this case, the trial court considered Ms. King's answer denying that she owed the debt, together with the Stipulated Exhibit in which she acknowledged receiving the money transfers, before concluding that she was untimely in attempting to raise an affirmative defense at trial that she had not raised in her responsive pleading.

Second, we likewise find Ms. King's reliance on *First Cmty. Fin. Servs. v. Simmons*, No. M2010-01597-COA-R3-CV, 2011 WL 2416680 (Tenn. Ct. App. June 10, 2011), to be unavailing. In *Simmons*, a general sessions court entered money judgments against two defendants upon civil warrants filed by the plaintiff lender and following a bench trial. *See Simmons*, 2011 WL 2416680, at *1. By agreement, the defendants began making monthly payments on the judgments and did so for approximately one year. *Id.* Nearly two years after the judgments had been entered, the defendants filed a Tennessee Rule of Civil Procedure 60.02 motion to vacate the judgment in the general sessions court, which the court denied as untimely pursuant to the statute governing Rule 60 motions in general sessions court. *Id.* (citing Tenn. Code Ann. § 16-15-727(b)).[3] The defendants then appealed to circuit court, which dismissed the appeal upon determining that the general sessions court had lacked subject matter jurisdiction due to the untimely motion and that the circuit court lacked subject matter jurisdiction for the same reason. *Simmons*, 2011 WL 2416680, at *2. This Court affirmed dismissal of the appeal for lack of subject matter jurisdiction. *Id.* at *4. In consideration of the defendants' additional argument that Tennessee Code Annotated § 24-5-107 provided them with "the right to use their Rule 60.02 motion to challenge the validity of the [promissory] notes in question," this Court determined that "nothing in that [sworn account] statute cures the untimeliness of [the defendants'] motion." *Id.*

In support of her argument that as long as the judgment was not yet entered, she should have been allowed to raise any defense as part of an oral denial under oath, Ms. King relies on the following passage from the *Simmons* decision:

> To sum up, when the lender presented the promissory notes at issue to the trial court, Defendants could have denied under oath the validity of those notes because of forgery or any other basis, and they would have been entitled to a continuance and to a trial of the matter under Tenn. Code Ann.

---

[3] As Dr. McLaughlin notes, except as provided by Tennessee Rule of Civil Procedure 1 and where otherwise provided by statute, the Rules of Civil Procedure do not apply to general sessions courts. *See* Tenn. R. App. P. 1.

15

§ 24-5-107(b). Because they did not do so, final judgments were rendered against them and the General Sessions Court lost any further jurisdiction of the case.

*Id.* at *5. In contrast to this action, however, the defendants in *Simmons* had filed no responsive pleading prior to the bench trial conducted in general sessions court. *See id.* at *1. In this passage summarizing the procedure that the defendants could hypothetically have employed under the sworn account statute, this Court emphasized that the defendants could have presented any defense orally under oath at the point when they had not entered a sworn denial or any responsive pleading and were appearing before the court for the first time. *See id.* (citing Tenn. Code Ann. § 24-5-107). This was not the procedural status in the case at bar when Ms. King had filed a responsive pleading and agreed to the Stipulated Exhibit prior to trial.

Third, Dr. McLaughlin relies on this Court's decision in *Liberty Mut. Ins. Co. v. Friendship Home Health Agency*, No. M2007-02787-COA-R3-CV, 2009 WL 736659 (Tenn. Ct. App. Mar. 19, 2009), for the proposition that Rule 8.03 does apply to sworn account actions. In *Liberty Mutual*, this Court affirmed the trial court's money judgment in favor of the plaintiff insurance company on a sworn account action against the defendant corporation. *Liberty Mut.*, 2009 WL 736659, at *1-2. The defendant had entered a "Sworn Denial on a Sworn Account" but, as relevant here, had failed to raise the affirmative defense of the statute of frauds as it applied to renewal of the defendant's policy with the plaintiff. *Id.* at *2, *7. During trial, the defendant's counsel mentioned the statute of frauds in cross-examining a witness, but that line of questioning was interrupted by the trial court's admonishment to counsel that "'if you have some law in that regard you [sh]ould tell the court at the end of the case[.]'" *Id.* at *7. The trial court did not mention the statute of frauds in its ruling. *Id.*

On appeal, the *Liberty Mutual* defendant raised the issue, among others, of whether the trial court had erred by failing to find that the plaintiff had violated the statute of frauds. *Id.* This Court determined that the defendant had waived the issue because the statute of frauds had not been raised as an affirmative defense in the defendant's responsive pleading and had not been tried by implied consent. *Id.* Although the procedural posture in *Liberty Mutual* is somewhat distinguishable from this case because the defendant's answer was sworn when Ms. King's answer was signed solely by her attorney, the decision in *Liberty Mutual* demonstrates that a defendant in a sworn account action cannot raise an affirmative defense orally for the first time at trial if the defendant has elected to respond through a sworn pleading and has failed to raise the affirmative defense in that written pleading. *See id.*

16

Finally, although not cited by either party, we find a comparison significant between the instant action and this Court's decision in *Am. Express Bank, FSB v. Fitzgibbons*, 362 S.W.3d 93 (Tenn. Ct. App. 2011). In *Fitzgibbons*, this Court affirmed the trial court's grant of summary judgment in favor of the plaintiff creditor in a sworn account action. *Fitzgibbons*, 362 S.W.3d at 94. The defendant, "proceeding pro se, filed an *unsigned* answer in which he denied the substance of the allegations of the complaint." *Id.* at 95. He then "failed to file any type of response" to the plaintiff's request for admissions and "failed to properly respond" to the plaintiff's subsequent motion for summary judgment and statement of undisputed material facts. *Id.*

On appeal, the *Fitzgibbons* defendant acknowledged that a business of which he purported to be a member had defaulted on the debt, but he attempted to raise the defense that he was not personally responsible for the business's debt. *Id.* at 96. This Court determined that the trial court had properly granted summary judgment to the plaintiff because at the time of the hearing on the summary judgment motion, the defendant had not entered any denial that, pursuant to Tennessee Code Annotated § 24-5-107, would have required the plaintiff "to bring forth further proof of its claim." *Id.* at *97 ("Contrary to the express provisions of the statute *requiring a denial of the charges under oath*, [the defendant] filed only an unsworn, unsigned answer generally denying the allegations of the complaint—in effect, under the statute, no denial at all."). *Id.*

In this case, if we were to follow Ms. King's argument to its conclusion, we would equate her unsworn general denial, which was undisputedly filed on her behalf by her attorney, together with her responses to Dr. McLaughlin's requests for admissions and agreement to the Stipulated Exhibit, with the *Fitzgibbons* defendant's completely unsigned answer and lack of response to the plaintiff's discovery request and summary judgment motion. The relevant distinction between the *Fitzgibbons* defendant and Ms. King would then be that Ms. King appeared at trial ready to deny the debt under oath. Ms. King is essentially requesting that we treat her appearance at trial and request to orally swear a denial of the debt as her first response to the lawsuit, erasing the effect of her prior responses. This we decline to do.

Through a pleading signed by her attorney on her behalf, Ms. King filed an answer that gave notice to Dr. McLaughlin and the trial court that she was denying the validity of the debt but gave no notice of an affirmative defense. *See generally* Tenn. R. Civ. P. 11.02 (setting forth the significance of a pleading signed by an attorney as to representations made to the court). Ms. King then responded to requests for admissions and agreed to the Stipulated Exhibit still without indicating an affirmative defense. Under the particular facts of this case, we determine that Ms. King entered a general denial with her answer that was accepted by the trial court and was effective insofar as the trial court recognized her denial of the debt's validity. She did not, however, assert a

17

timely affirmative defense. We conclude that, pursuant to Rule 8.03, the trial court did not err by determining that Ms. King had waived any affirmative defense, including an assertion that the money transfers were gifts, by failing to plead it in her answer.[4]

## VI. Conclusion

For the reasons stated above, we affirm the trial court's judgment in its entirety. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below. The costs on appeal are assessed against the appellant, Elizabeth King McLaughlin a/k/a Rev. Elizabeth King.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[4] Ms. King has also relied in part on a blank "Sworn Denial" form, approved for *pro se* use by the Tennessee Supreme Court in sworn account actions in general sessions court. As Ms. King points out, the form includes the following instruction to the defendant: "Please briefly list some of your reasons for your denial. You can raise additional defenses at the hearing." Ms. King asserts that this instruction indicates approval by our Supreme Court of the proposition that a defendant may "raise **any** defense in the responsive pleading." We disagree. The form was designed for use in general sessions court where, with exceptions not applicable here, the Tennessee Rules of Civil Procedure do not apply. *See* Tenn. R. Civ. P. 1. Moreover, the language of the form, again designed for *pro se* use in general sessions court, does not attempt to distinguish between simple denial of a claim and the assertion of an affirmative defense. Ms. King's reliance on the "Sworn Denial" form is unavailing.